NOT DESIGNATED FOR PUBLICATION

No. 115,691

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HARLEY E. BENNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed February 3, 2017. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Carissa E. Brinker*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

*Per Curiam*: On February 25, 2016, Harley E. Bennett stipulated to probation violations in his violation of the offender registration act case. The district court found Bennett's actions went against the safety of the public and revoked his probation and sentenced him to his underlying prison sentence. Bennett appealed and argued the court erred by failing to impose the required intermediate sanctions under K.S.A. 2015 Supp. 22-3716(c), and therefore erred by revoking his probation. Because the court made a particular finding under the statute as to why Bennett threatened the public safety, we affirm.

1

On March 4, 2015, Bennett entered a no contest plea to one count of violating the Kansas Offender Registration Act (KORA), a severity level 6 person felony. The district court sentenced Bennett to an underlying 39-month prison sentence and granted a 24-month probation. Bennett was required to register under KORA due to convictions for child molestation in the first degree, statutory sodomy in the first degree, and child molestation in the first degree from a case out of Audrain County, Missouri.

On January 25, 2016, the State filed a motion to revoke Bennett's probation. In an affidavit attached to the motion, Bennet's probation officer stated:

> "[Bennett] has been let go of multiple jobs within the last 6 months and has not received a sanction. We have worked with him, provided him employment services and he still cannot keep a job. He is financially unstable and therefore does not have a stable address. He moves from place to place, has not stayed at one residence for more than a month or two at a time."

Based on the violations, the probation officer requested Bennett serve a 180-day jail sanction.

On February 25, 2016, the district court held a probation revocation hearing. Bennett stipulated to the probation violations and requested a 2- or 3-day "dip" in the county jail. However, if the court did not believe it would be appropriate, Bennett requested a 120-day jail sanction. The State requested a 180-day jail sanction because of Bennett's continued problems with registration, employment, and maintaining a consistent residence. However, after realizing Bennett had not served a 2- to 3-day jail sanction yet in this case, the State then asked the court to impose the 2- to 3-day sanction instead of 180 days. Bennett's probation officer stated a 2- to 3-day jail sanction would not get Bennett's attention. Specifically, the probation office stated "[t]here were numerous violations of moving and not registering, changing jobs, and not being honest." He said Bennett has been warned by him and another probation officer of the importance of registering and keeping up with it and not continuing to move without telling his probation officer.

2

The district court revoked Bennett's probation and remanded him to the custody of the sheriff to serve the remaining balance of his sentence. In revoking Bennett's probation, the judge stated:

"This is not a situation, Mr. Bennett, of where you have the option of simply ignoring the statute and ignoring your obligations. The purpose of a community corrections officer is to, first of all, insure public safety. And we do that by making sure that we get accurate and adequate information about the individuals that we have under our control. That means that whenever you lie to your officer, you fail to maintain your employment or things of that type, you're actually going against the very basic public safety concepts that we are expecting our officers to provide. Similarly, I don't think your welfare is being served by anything else because if it was, you would have utilized it."

Bennett appeals. He argues the district court erred by failing to impose the required intermediate sanctions provided under K.S.A. 2015 Supp. 22-3716(c), and therefore erred by revoking his probation.

This case requires us to interpret and apply K.S.A. 2015 Supp. 22-3716. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Then, once the probation violation has been established, "whether to revoke the defendant's probation is a discretionary decision for the district court unless a statute specifically provides otherwise." *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015). This decision is reviewed for an abuse of discretion. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). A court can abuse its discretion in three ways: "(1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact." 299 Kan. at 3.

Probation violations are described as either technical or substantive. *Brown*, 51 Kan. App. 2d at 880. "An act that violates probation conditions but isn't otherwise

3

unlawful is a technical violation, while an act that violates probation conditions but is otherwise unlawful is a substantive violation." 51 Kan. App. 2d at 880. Here, "most felony probationers who commit technical violations are entitled to an intermediate sanction before the probation is revoked, while those who commit substantive violations that constitute a felony or misdemeanor offense may have their probation revoked without first receiving an intermediate sanction." 51 Kan. App. 2d 876, Syl. ¶ 1.

However, the court *Brown* outlined that "just because a probation violation is labeled as only a 'technical' one does not meant it is unimportant." 51 Kan. App. 2d at 880. For example, some technical violations can be quite significant, like when a person who was convicted of a sex offense violates a probation requirement not to be alone with minors. 51 Kan. App. 2d at 880. In this kind of case, an exception may apply. 51 Kan. App. 2d at 880.

K.S.A. 2015 Supp. 22-3716 outlines the sanctions that may be imposed when there is a probation violation. The first intermediate sanction requires "confinement in a county jail, to be imposed as a two-day or three-day consecutive period." K.S.A. 2015 Supp. 22-3716(b)(4)(A)-(B). The total sanctions imposed is not to exceed 18 days during the term of supervision. K.S.A. 2015 Supp. 22-3716(b)(4)(A)-(B). If the violator has already had at least one intermediate sanction imposed, the court may order "the defendant to the custody of the secretary of corrections for a period of 120 days, subject to a reduction of up to 60 days in the discretion of the secretary." K.S.A. 2015 Supp. 22-3716(c)(1)(C). Finally, if the violator had both these sanctions imposed, the court can revoke probation and require the violator to serve the original sentence imposed. K.S.A. 2015 Supp. 22-3716(c)(1)(E).

There are two circumstances where the district court may impose the underlying sentence without following the intermediate sanctions provided above. First, if the offender commits a new crime while on probation or absconds, the court may revoke probation. K.S.A. 2015 Supp. 22-3716(c)(8). Second, the court may revoke probation

4

without imposing intermediate sanctions "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction." K.S.A. 2015 Supp. 22-3716(c)(9). The "plain and unambiguous language of the statute, does not require the district court to use any magic words." *State v. Davis*, No 111,748, 2015 WL 2137195, at *3 (Kan. App. 2015) (unpublished opinion). It just requires that the judge state with particularity the reason for finding the public will be jeopardized or that the welfare of the offender will not be served. 2015 WL 2137195, at *3.

Here, the district court found that under K.S.A. 2015 Supp. 22-3716(c)(9), Bennett had jeopardized the welfare of the public by lying to his probation officer, failing to maintain employment, and not providing accurate and adequate information. Bennett argues the court failed to make a particularity finding.

At both the revocation hearing and in the journal entry, the district court clearly stated the reasons Bennett had jeopardized the safety of the public:  Bennett ignored KORA, ignored his obligations under the statute, lied to his probation officer, and failed to maintain employment. The court even stated Bennett's actions went against the very basic public safety concepts that probation officers are supposed to provide to the public. No magic words are required, the judge just has to state with particularity the reason for finding the public will be jeopardized. *Davis*, 2015 WL 2137195, at *3. The court here did so. The court spoke to a convicted sex offender about his failure to follow KORA, lying to his probation officer, failing to provide adequate information, and failing to maintain employment. Therefore, because the court made a particular finding under the statute and did not abuse its discretion in making this finding, we affirm.

Affirmed.

5