NOT DESIGNATED FOR PUBLICATION

No. 116,035

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL D. NICHOLAS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed July 28, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Michael L. Fessinger*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*: Michael D. Nicholas appeals the revocation of his probation. The district court imposed intermediate sanctions for two prior violations. Upon finding a third violation, the district court exercised its discretion to revoke Nicholas' probation and impose the underlying sentence. We affirm this judgment.

*Factual and Procedural Background*

Nicholas was charged with possession of methamphetamine on March 11, 2015. Nicholas pled guilty to the crime on July 9, 2015. Nicholas filed a motion for durational

1

or dispositional departure, and a sentencing hearing was held on August 28, 2015. The presentence investigation (PSI) report showed that Nicholas had a criminal history score of A. The district court granted the departure motion and sentenced Nicholas to 12 months' probation with a 40-month underlying prison term.

On October 7, 2015, a hearing was held on a probation violation warrant. At that hearing Nicholas admitted to driving without a license and received a 3-day county jail sanction for the violation. On November 19, 2015, another probation violation hearing was held. Nicholas admitted to testing positive for amphetamines and marijuana, failing to report to his probation officer, and failing to tell his probation officer of an address change. He received a 120-day prison sanction and was ordered to attend inpatient drug treatment after serving that sanction.

On March 2, 2016, another probation violation hearing was held. At that hearing, Nicholas admitted to violating his probation when he left his drug treatment program following the prison sanction and for failing to notify his probation officer of an address change. The district court revoked Nicholas' probation, and his 40-month underlying sentence was imposed. Nicholas timely filed his notice of appeal.

*Revocation was not an abuse of discretion.*

On appeal, Nicholas contends the district court abused its discretion by revoking his probation. The State maintains that Nicholas' course of conduct on probation after being granted a dispositional departure from a presumptive prison sentence established that he was not amenable to probation.

In their respective briefs, neither party discussed the applicability of K.S.A. 2016 Supp. 22-3716(c)(1). That statute provides for graduated intermediate sanctions for probation violations where, as here, the crime of conviction is a felony. For a first

2

violation, the statute provides for "confinement in a county jail" for "a two-day or three-day consecutive period." K.S.A. 2016 Supp. 22-3716(c)(1)(B). This sanction, colloquially known as a "quick dip," was ordered by the district court for Nicholas' first admitted violation.

The statute next provides for a 120-day prison sanction, colloquially referred to as a "soak," for a second violation. K.S.A. 2016 Supp. 22-3716(c)(1)(C). Again, this sanction was imposed by the district court for Nicholas' second admitted violation. The district court also required Nicholas to enter and complete an inpatient drug treatment program after completing his 120-day prison sanction.

K.S.A. 2016 Supp. 22-3716(c)(1)(E) provides the district court with the option of revocation for any violation occurring after the completion of the prison sanction. In view of the record now before it, the district court exercised the statutory option of revocation. Despite Nicholas' argument the district court abused its discretion by imposing a prison sentence which was "not appropriate in achieving the goals of the Kansas Sentencing Guidelines," the district court's decision is squarely in conformity with the statutory framework for dealing with multiple probation violations.

Once a violation of probation is established—here, by Nicholas' admission—"the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Furthermore, an abuse of discretion occurs if "discretion is guided by an erroneous legal conclusion" or goes outside the framework of or fails to consider proper statutory limitations or legal standards. *State v. Collins*, 303 Kan. 472, 466, 477, 362 P.3d 1098 (2015).

We find no abuse of discretion in this case. Nicholas' original offense called for a presumptive prison sentence, but the district court exercised leniency by granting a dispositional departure to probation. Nicholas had already violated probation on two prior occasions before this third and final time. The second violation was for testing positive for marijuana and amphetamines, which was especially troubling considering his original offense of possession of methamphetamine. Despite this concern, the district court did not revoke Nicholas' probation at that time but, rather, offered him the opportunity for the 120-day intermediate sanction and for inpatient treatment. But Nicholas again violated his privilege of probation by leaving the inpatient drug treatment program and not notifying his probation officer of his whereabouts—violations which Nicholas admitted. By his own conduct, Nicholas left the district court with little choice but to exercise the statutory option for probation revocation.

The district court's decision was a position which reasonable persons would adopt. It was not based on an error of law nor was it based on an error of fact. *Marshall,* 303 Kan. at 445. The decision was not guided by an erroneous legal conclusion nor did it go outside the framework or fail to consider proper statutory limitation of legal standards. *Collins,* 303 Kan. at 477. The district court exercised sound discretion in this case, and the order of revocation is affirmed.

Affirmed.