NOT DESIGNATED FOR PUBLICATION

No. 116,629

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARITY DOWNING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed December 15, 2017. Reversed and vacated.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and POWELL, JJ.

PER CURIAM: A "dwelling" is a building "which is used or intended for use as a human habitation, home or residence." K.S.A. 2014 Supp. 21-5111(k). Downing appeals her conviction for burglary of a dwelling, arguing that the building she broke into did not meet the definition of a dwelling. We agree. Evidence showed that no one had lived in the house for several years, and that the owner did not intend to live in it or rent it out. The owner used the house for storage. Because the house was not used or intended to be used as a human habitation, home, or residence, there was insufficient evidence to sustain

1

Downing's conviction for burglary of a dwelling. Downing's conviction for burglary of a dwelling is reversed and her sentence is vacated.

FACTUAL AND PROCEDURAL HISTORY

Jeff Keesling has a farmstead in Sylvia, Kansas, with a house, barns, and sheds. Although Keesling's family used to live in the house, it has been vacant since 2012. Keesling uses the house to store personal items. He does not use the house as part of his farming operation, but it is in the middle of his farmstead. Keesling is the only person with a key to the house—no one else has authorization to access it. Although Keesling would like to rent out the house, he does not feel comfortable doing so because of the amount of personal property he stores in it.

On November 30, 2014, Keesling went to the farmstead to do his morning chores around 7:30 a.m. He saw a BB gun and his mother's suitcase in a ditch alongside the road by his property. Both items came from the house on the farmstead. Keesling also noticed a truck parked about 200 yards from his house. Keesling went into the house and discovered that someone had moved things from the upstairs to the ground-level floor of his house. However, other than the BB gun and suitcase, nothing was missing. Keesling said, "It looked like somebody went upstairs and packed in a bunch of stuff in a duffle bag and set it" near the entrance to the house. Keesling also noticed that one of the doors to the house had been "pushed in." Keesling's son reviewed surveillance video of the farm and saw someone walking through Keesling's yard at 3 a.m. that morning. Evidence subsequently pointed to Charity Downing. Although she denied breaking into the house, she admitted that the truck parked on Keesling's property was hers and offered an innocent explanation. Further details regarding the evidence gathered against Downing is not important to our analysis here.

2

The State charged Downing with burglary of a dwelling and attempted theft of property valued at less than $1,000. A jury found Downing guilty of both crimes. Downing faced a presumptive prison sentence, but the district court granted her motion for dispositional departure and ordered her to go to Community Corrections for 24 months. Downing's underlying sentence was 21 months in prison for burglary and six months in jail for theft, with the sentences to be served concurrently. Downing appealed.

ANALYSIS

Downing contends that the State did not present sufficient evidence to sustain her conviction for burglary because it failed to prove that the burglarized structure was a dwelling.

When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the State. A conviction will be upheld if the court is convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). But our analysis in this case also involves statutory construction. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The State charged Downing with burglary under K.S.A. 2014 Supp. 21-5807(a)(1). That statute defines burglary as "without authority, entering into or remaining within any . . . [d]welling, with intent to commit a felony, theft or sexually motivated crime therein." K.S.A. 2014 Supp. 21-5807(a)(1). A "dwelling" is "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2014 Supp. 21-5111(k). "Used or intended for use" is the key language in "this definition because it focuses on the possibility that another person could be present in the location of the burglary (thereby increasing the

3

possibility that a person could be harmed, which is why burglary of a dwelling is a person crime)." *State v. Martinez*, No. 116,175, 2017 WL 3947378, at *8 (Kan. App. 2017), *petition for rev. filed* October 5, 2017; see K.S.A. 2014 Supp. 21-5807(c)(1)(A). Downing only challenges the State's evidence on the dwelling element of burglary, not the intent or the entering or remaining elements.

The parties do not dispute the facts relevant to deciding this issue. Keesling's family had lived in the house for a long time, but at the time of the alleged burglary it had not been lived in for at least two or three years. Keesling did not intend to rent the house. The evidence showed that Keesling had been using, and would continue to use, the house as a storage space. The issue is determining whether an unoccupied house, which the owner does not intend to live in or rent out, constitutes a dwelling for the purposes of the burglary statute. We find it does not.

The statute is clear. A dwelling is a home that "is used or [is] intended for use" as a place for human habitation. If a home is not used or is not intended to be used as a place for human habitation, it does not meet the definition of a dwelling. The statute is clear and unambiguous therefore we need not resort to any further statutory interpretation. See *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

The State was required to prove beyond a reasonable doubt that the house "is used or [is] intended for use as a human habitation, home, or residence." K.S.A. 2014 Supp. 21-5111(k). The State clearly failed to do that here. Accordingly, Downing's conviction for burglary must be reversed. Given this finding, there is no need to address the other issues raised by Downing.

Downing's conviction for burglary of a dwelling is reversed and her sentence for said offense is vacated.

4

Reversed and vacated.