IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,660

STATE OF KANSAS,
*Appellee*,

v.

BROCK COLLINS,
*Appellant.*

SYLLABUS BY THE COURT

1.

Interpretation of sentencing statutes is a question of law subject to de novo review.

2.

Because the legislature has not prescribed a maximum probation term for felony domestic battery convictions, the length of such term is within the sentencing court's discretion.

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 13, 2013. Appeal from Sedgwick District Court; William Sioux Woolley, judge. Opinion filed December 23, 2015. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Julie A. Koon*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

BILES, J.:  K.S.A. 2011 Supp. 21-6608 sets out maximum probation terms for most felonies but is silent as to felony domestic battery. Brock E. Collins was convicted of that offense, and his sentence includes 24 months of probation. He argues that term of probation is contrary to the statute and that he could only be sentenced to 12 months of probation. We disagree and hold that in the absence of a statutory limit, the duration of the probation term for felony domestic battery was within the district court's discretion. We further hold that the district court did not abuse its discretion in ordering Collins to serve 24 months of probation. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Collins pleaded guilty to one count of domestic battery, which was properly treated as a person felony based on his criminal history that includes prior domestic battery convictions. See K.S.A. 2011 Supp. 21-5414(a) and (b). In Collins' plea bargain, the State agreed to recommend the minimum 90-day confinement required by statute, followed by 24 months of probation. Collins was free to propose a lesser sentence and at the sentencing hearing argued he could only be required to serve 12 months of probation.

The district court adopted the State's recommended sentence, including the 24-month probation term. The court explained,

> "[T]he reason I'm doing 24 months is, in looking at your criminal history, you have three
> prior misdemeanor domestic batteries. You have brawling. You have an aggravated
> battery. You have a battery. That's just on that kind of stuff. You have seven no prove
> [*sic*] of insurance. Seven driving while suspended. Three driving while habitual violaters
> [*sic*]. So it's a matter of supervision."

2

Collins appealed the probation term. The Court of Appeals affirmed, holding that a district court may impose up to 60 months of probation on persons convicted of felony domestic battery in accordance with K.S.A. 2011 Supp. 21-6608(c)(6). *State v. Collins*, No. 108,660, 2013 WL 5187668, at *4 (Kan. App. 2013) (unpublished opinion). This court granted review. Jurisdiction is proper. See K.S.A. 60-2101(b) (review of Court of Appeals decisions).

THE DISTRICT COURT PROPERLY IMPOSED A 24-MONTH PROBATION PERIOD

Collins does not dispute that he could be sentenced to probation. He argues his 24-month probation period for felony domestic battery is an illegal sentence because it does not conform to the applicable statutory scheme. See *State v. Lewis*, 299 Kan. 828, 858, 326 P.3d 387 (2014) (defining an illegal sentence). Collins argues the probation term must be reduced to 12 months.

*Standard of Review*

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Taylor,* 299 Kan. 5, 8, 319 P.3d 1256 (2014). Whether the district court had authority to order a probation term of 24 months turns on the meaning of K.S.A. 2011 Supp. 21-5414 and the applicable provisions of the Kansas sentencing statutes, K.S.A. 2011 Supp. 21-6601 *et seq*. Interpretation of sentencing statutes is a question of law subject to de novo review. *State v. Morningstar*, 299 Kan. 1236, 1246, 329 P.3d 1093 (2014).

When interpreting statutes, we begin with "'the fundamental rule that [courts] give effect to the legislature's intent as it is expressed in the statute. Courts must apply a statute's language when it is clear and unambiguous, rather than determining what the law

3

should be, speculating about legislative intent, or consulting legislative history.'" *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). We derive legislative intent by first applying the meaning of the statute's text to determine its effect in a specific situation. "It is only when the language is unclear or ambiguous that the court employs the canons of statutory construction, consults legislative history, or considers other background information to ascertain the statute's meaning." *Whaley v. Sharp*, 301 Kan. 192, 196, 343 P.3d 63 (2014).

*Probation Duration is within the Sentencing Court's Discretion.*

Only one statute, K.S.A. 2011 Supp. 21-6608, imposes limitations on the duration of probation. It restricts probation to 2 years in misdemeanor cases and provides various probation terms in specified felony cases. See K.S.A. 2011 Supp. 21-6608(a) and (c). The question is whether this felony domestic battery conviction falls within the scope of K.S.A. 2011 Supp. 21-6608(c), which specifies the felonies subject to its provisions and states:

> "(c) For all crimes committed on or after July 1, 1993, the duration of probation in felony cases sentenced for the following severity levels on the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes is as follows:
>
> (1) For nondrug crimes the recommended duration of probations is:
>
> (A) 36 months for crimes in crime severity levels 1 through 5; and
>
> (B) 24 months for crimes in crime severity levels 6 and 7;
>
> (2) for drug crimes the recommended duration of probation is 36 months for crimes in crime severity levels 1 and 2;

(3) except as provided further, in felony cases sentenced at severity levels 9 and 10 on the sentencing guidelines grid for nondrug crimes and severity level 4 on the sentencing guidelines grid for drug crimes, if a nonprison sanction is imposed, the court shall order the defendant to serve a period of probation of up to 12 months in length;

(4) in felony cases sentenced at severity level 8 on the sentencing guidelines grid for nondrug crimes, severity level 3 on the sentencing guidelines grid for drug crimes and felony cases sentenced pursuant to K.S.A. 2011 Supp. 21-6824, and amendments thereto, if a nonprison sanction is imposed, the court shall order the defendant to serve a period of probation, or assignment to a community correctional services program, as provided under K.S.A. 75-5291 *et seq.*, and amendments thereto, of up to 18 months in length;

. . . .

(6) except as provided in subsections (c)(7) and (c)(8), *the total period in all cases shall not exceed 60 months, or the maximum period of the prison sentence that could be imposed whichever is longer.* Nonprison sentences may be terminated by the court at any time." (Emphasis added.) K.S.A. 2011 Supp. 21-6608(c).

On its face, the statute is silent as to the maximum duration of probation for nongrid felonies such as felony domestic battery because subsection (c) defines its scope as only applying to felonies sentenced at certain severity levels on the nondrug and drug grids. K.S.A. 2011 Supp. 21-6608(c). The Court of Appeals extended it in this case to include nongrid felonies based on K.S.A. 2011 Supp. 21-6608(c)(6)'s language that "the total period in *all cases* shall not exceed 60 months." (Emphasis added.) See *Collins*, 2013 WL 5187668, at *3-4.

5

But a plain-language reading of K.S.A. 2011 Supp. 21-6608(c) does not support the panel's interpretation. As Collins notes, paragraph (c)(6) appears within subsection (c), which prescribes the maximum duration of probation "in felony cases sentenced *for the following severity levels on the sentencing guidelines grid for nondrug crimes . . . .*" (Emphasis added). K.S.A. 2011 Supp. 21-6608(c). Therefore, he correctly contends, the limitations in subsection (c) do not apply because the legislature did not assign a grid severity level to felony domestic battery. See K.S.A. 2011 Supp. 21-5414(b)(3).

Collins attempts to support his claim that 12 months is the maximum term allowable by assuming there must be some statutory provision setting a limit on the duration of probation. And from this vantage, he argues the failure to include nongrid felonies like felony domestic battery renders K.S.A. 2011 Supp. 21-6608's meaning unclear and that the court must choose between: (1) treating felony domestic battery as a misdemeanor for probation purposes, for which a 24-month term would be authorized; or (2) treating it as a low-level nondrug felony, for which only a 12-month term would be permitted. He then draws upon the rule of lenity to contend that the court must adopt the interpretation most favorable to him, *i.e.*, limiting the probation term to 12 months.

But the rule of lenity is not relevant in this context. It applies only when a court must interpret a criminal statute with "'two reasonable and sensible interpretations.'" *State v. Reece*, 300 Kan. 650, 658, 333 P.3d 149 (2014). That circumstance is not presented. Both of Collins' proposed constructions for K.S.A. 2011 Supp. 21-6608 would contravene the statute's plain meaning by applying it to crimes not within the statute's scope.

Absent a statutory limit on the duration of probation for felony domestic battery, we hold duration is a probation condition within the sentencing court's discretion. "When

a sentence is within the statutory limits, it will not be disturbed on appeal unless it is shown that the trial court abused its discretion or that the sentence was the result of partiality, prejudice, oppression, or corrupt motive." *State v. Fisher*, 249 Kan. 649, 650, 822 P.2d 602 (1991); see *State v. Hobson*, 234 Kan. 133, 162, 671 P.2d 1365 (1983); *Cipolla v. State*, 207 Kan. 822, 824-25, 486 P.2d 1391 (1971). "[P]robation is a privilege granted by the sentencing court and . . . the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court." *State v. Walbridge*, 248 Kan. 65, 68, 805 P.2d 15 (1991); see also K.S.A. 2011 Supp. 21-6607(b) (court may impose any probation conditions it deems proper). "Within the statutory limitations, the duration of . . . probation is largely within the discretion of the court . . . ." 24 C.J.S., Criminal Law § 2153 (citing *King v. State*, 720 P.2d 465 [Wyo. 1986]); see *State v. Nieto*, 303 P.3d 855, 857-58 (N.M. Ct. App. 2013) (trial court did not err refusing to deduct presentence confinement from probation because probation duration was matter of discretion, so long as term was within 5-year statutory limit); *In the Matter of Westbrooks*, 277 S.C. 410, 411, 288 S.E.2d 395 (1982) (trial court did not err placing juvenile offender on "indefinite probation" under statute permitting probation for juvenile offenders because duration is a condition within court's discretion).

*The 24-Month Probation Term was within the District Court's Discretion.*

Our final question is whether the district court abused its discretion by sentencing Collins to 24 months of probation. Judicial discretion is abused if judicial action: (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite

conclusion of law or the exercise of discretion is based. *State v. Race*, 293 Kan. 69, 80, 259 P.3d 707 (2011).

We concluded above that the district court was not guided by an erroneous legal conclusion, and none of the other standards are met. The district court stated on the record its reason for imposing the 24-month probation term:  the need for supervision given Collins' extensive criminal history—particularly, Collins' numerous prior convictions for similar offenses. Collins does not challenge the accuracy of the facts underlying this decision.

We express no opinion regarding other nongrid felonies that we note lack sentencing-grid severity levels. See K.S.A. 2014 Supp. 21-6412(a)(1), (a)(6), (b)(1) (cruelty to animals); K.S.A. 2014 Supp. 21-6416 (harming or killing certain dogs). The legislature may wish to consider whether the lack of specific statutory guidance on probation authority for these crimes reflects its intent.

Affirmed.