NOT DESIGNATED FOR PUBLICATION

No. 114,644

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

KENNETH IRVIN COUNCE,
*Appellee*.


MEMORANDUM OPINION

Appeal from Ellsworth District Court; STEVEN E. JOHNSON, judge. Opinion filed August 26, 2016. Reversed and remanded.

*Joe Shepack*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

No appearance by appellee.


Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*: The State appeals the district court's dismissal of this case with prejudice when the State failed to comply with the district court's prior order to resolve this matter under the Uniform Mandatory Disposition of Detainers Act (the UMDDA), K.S.A. 22-4301 *et seq*. We find the district court erred in finding it had no jurisdiction and dismissing the matter with prejudice. We reverse and remand.

1

On November 20, 2013—before a nonlaw trained district magistrate judge—
Kenneth Irvin Counce pleaded no contest to one count of misdemeanor battery on a law
enforcement officer.  At the time, Counce was a fugitive from Texas. He agreed to and
did sign a waiver and consent to extradition. He was sentenced to 4 months in jail, and
his sentence would be commuted to time served upon his transfer to Texas custody.  The
district court magistrate judge also waived his court costs and court-appointed attorney
fees at the sentencing hearing.

On November 26, 2013, Counce filed a notice of appeal alleging ineffective
assistance of counsel.  The record reflects the clerk of the court failed to notify the chief
judge of the need to assign a district court judge for a trial de novo.  On December 2,
2013, Counce filed a motion for new trial and to withdraw his plea alleging ineffective
assistance of counsel. On the same day, Counce was picked up by the Texas authorities
and returned to Texas.

Between December 2, 2013, and November 14, 2014, Counce filed numerous
motions with the district court.  On November 14, 2014, the district court filed an order
for clarification and response directing the State to address Counce's motions.  After the
State responded, the district court entered an order on January 7, 2015, which indicated,
in part:

> "While it appears that other actions should have been taken by the Defendant
> under the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301, *et seq*.,
> once he was in the custody of the State of Texas[,] the Court is going to treat this matter
> as properly before it under the act since it was pending and requiring action based upon
> the notice of appeal at the time of the Defendant[']s custody take from the State of Kansas
> and give to the State of Texas.  The Court is starting the 180-day period required pursuant
> to K.S.A. [2015 Supp.] 22-4303 and hereby informs the prosecution the Court will make

2

itself available to conduct trial within the 180-day period if it is the prosecution[']s intention to make arrangements for the return of the Defendant. As provided by statute, if the prosecution fails to do so, this Court will lose jurisdiction and will dismiss this matter with prejudice directing that the conviction be expunged and any fines or court costs actually paid by the Defendant (if any) be returned to him."

The State did not prosecute the matter within 180 days of the district court's January 7, 2015, order, and on September 22, 2015, the district court dismissed the matter with prejudice. The State timely appealed. Counce filed no brief as he is still in Texas custody with an expected release date some time in 2027.

ANALYSIS

*The Interstate Agreement on Detainers, K.S.A. 22-4401* et seq*., controls.*

Resolving the issues before this court requires interpretation and application of the UMDDA, K.S.A. 22-4301 *et seq*., and the Interstate Agreement on Detainers (the Agreement), K.S.A. 22-4401 *et seq.* Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The UMDDA is an intrastate procedure Kansas inmates may use to request final disposition of other Kansas charges pending against them. *In re Habeas Corpus Application of Sweat*, 235 Kan. 570, 573-74, 684 P.2d 347 (1984). The Agreement provides a procedure for inmates held in other jurisdictions to request disposition of detainers based on untried Kansas indictments, informations, or complaints. See K.S.A. 22-4401. The UMDDA and the Agreement act in parallel and questions answered as to one are precedent for questions arising from the other. *Sweat*, 235 Kan. at 574.

3

K.S.A. 2015 Supp. 22-4301(a) states:

"Any person who is imprisoned in a penal or correctional institution of this state may request final disposition of any untried indictment, information, motion to revoke probation or complaint pending against such person in this state. The request shall be in writing addressed *to the court in which the indictment, information, motion to revoke probation or complaint is pending and to the county attorney charged with the duty of prosecuting it*, and shall set forth the place of imprisonment." (Emphasis added.)

Both the UMDDA and the Agreement require an inmate to substantially comply with the statutes. *Sweat*, 235 Kan. at 575. However, "[a]n inmate isn't in substantial compliance if 'he sends his motion to the wrong court, or serves the prosecutor but fails to send a copy to the court, or *files in the proper court but fails to serve the prosecutor.* [Citations omitted.]'" (Emphasis added.) *State v. Craven,* No. 106,476, 2012 WL 3289999, at *2 (Kan. App. 2012) (unpublished opinion) (quoting *Ekis, Petitioner v. Dorr*, 217 Kan. 817, 823, 539 P.2d 16 [1975]).

Counce filed two documents between his no contest plea on November 20, 2013, and his extradition to Texas on December 2, 2013:  a notice of appeal and a motion for new trial and to withdraw his plea.  Neither document indicated it was a request for disposition of detainers.  Both of the filed documents lacked certificates of service or any indication they were sent to the county attorney charged with the duty of prosecuting them.  Even assuming Counce's filings constituted a request for final disposition of detainers, there is no evidence in the record Counce substantially complied with K.S.A. 2015 Supp. 22-4301(a) while he was in Kansas.  Since Counce did not comply with K.S.A. 2015 Supp. 22-4301(a) while he was located in Kansas, the Agreement, not the UMDDA, should govern the facts of this case.

4

*The district court erred in finding it lost jurisdiction.*

On January 8, 2015, citing K.S.A. 2015 Supp. 22-4303, the district court filed its order informing the State it had 180 days to bring Counce to trial. The district court's order indicated the court would "make itself available to conduct trial within the 180-day period if it is the prosecution[']s intention to make arrangements for the return of the Defendant." The State had until July 8, 2015, to comply with the district court's order. The State did not file anything during the 180-day period cited by the district court.

The district court's order dismissing the matter with prejudice states, in relevant part:

> "However, both sets of pleadings appear to ignore this Court's Order of January 7, 2015, which specifically provided that the State had 180 days to prosecute this matter under the Kansas version of the [UMDDA], K.S.A. 22-4301 *et seq.*
>
> "No prosecution has occurred and therefore this Court has lost jurisdiction of this matter and the matter is dismissed with prejudice as provided by statute."

The State argues the district court relied on the wrong statute to "start the clock" on Counce's trial de novo before the district court judge. Relying on the UMDDA, the district court's order gave the State 180 days to bring Counce to trial. As discussed above, Counce did not substantially comply with K.S.A. 2015 Supp. 22-4301(a), and even if he did comply, the UMDDA does not apply. As a result, relying on K.S.A. 2015 Supp. 22-4303's 180-day period to bring Counce to trial was error.

Citing *Sweat*, the State argues only Counce could initiate a disposition of detainers request under the Agreement. The State misconstrues the holding in *Sweat* as it did not provide that only a defendant may initiate a request under the Agreement. The State also argues the district court erred when it dismissed the case because the State had not received a request for disposition of detainer from Counce.

5

When a defendant initiates a request for disposition of detainers pursuant to K.S.A. 22-4401, Art. III(a), the State must prosecute within 180 days of receipt of the inmate's request for disposition with the appropriate documents. Under *Sweat*, the defendant bears the burden and consequences *of an improperly delivered request when the defendant initiates a request for disposition of detainer*. 235 Kan. 570, Syl. ¶ 7.

In addition to misconstruing *Sweat*, the State's argument ignores Article IV(a) of the Agreement, which provides:

> "The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated: *Provided*, That the court having jurisdiction of such indictment, information or complaint shall have duly approved, recorded and transmitted the request: *And provided further*, That there shall be a period of thirty (30) days after receipt by the appropriate authorities before the request be honored, within which period the governor of the sending state may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner." K.S.A. 22-4401, Art. IV(a).

In short, Article IV provides a mechanism for the State to also request transfer of an inmate for disposition of detainers. When the State requests the disposition of detainers, trial must be commenced within 120 days of the defendant's arrival in the state. K.S.A. 22-4401, Art. IV(d).

The district court erred when it dismissed the matter with prejudice for lack of jurisdiction pursuant to the UMDDA. While Counce was located in Kansas, none of his filings substantially complied with K.S.A. 2015 Supp. 22-4301(a). After his extradition to Texas, none of Counce's filings substantially complied with K.S.A. 22-4401, Art.

6

III(a). Counce has not returned to Kansas, thus, the 120-day speedy trial provision of K.S.A. 22-4401, Art. IV(d) was not triggered. Since none of the events necessary to trigger an inmate's speedy trial clock occurred, the district court still had jurisdiction over the matter. Therefore, its dismissal with prejudice for lack of jurisdiction was erroneous.

Reversed and remanded.