NOT DESIGNATED FOR PUBLICATION

No. 117,386

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GLENN MANNING,
*Appellant*.


MEMORANDUM OPINION

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed January 19, 2018. Affirmed in part and dismissed in part.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.


PER CURIAM: Glenn Manning appeals his sentence for possession of methamphetamine. He claims the district court abused its discretion in denying his motion for durational departure and also committed error in ordering him to serve the sentence instead of granting probation and directing him to drug treatment. We find no error and affirm in part and dismiss in part.

1

FACTS AND PROCEDURAL BACKGROUND

On April 13, 2016, Officer Adam Jackson of the Clay Center Police Department accompanied state Parole Officer Daniel Hrabe to Manning's residence to perform a home check. During the check, Hrabe located a substance suspected to be methamphetamine. Manning then gave Jackson permission to search most of the house, with the exception of one room which belonged to his roommate. The search produced additional substances suspected to be methamphetamine and a "water smoking pipe." After the search, Jackson arrested Manning. At the police station, Manning waived his *Miranda* rights and admitted to selling approximately 0.5 grams of methamphetamine.

In a three-count complaint filed on April 20, 2016, the State charged Manning with: distribution of methamphetamine, a severity level 4 drug felony; possession of methamphetamine, a severity level 5 drug felony; and misdemeanor possession of drug paraphernalia, a class A nonperson misdemeanor. On September 15, 2016, Manning pled no contest to the charge of possessing methamphetamine in exchange for the State's dismissal of the remaining charges. Prior to accepting the plea, the district court advised Manning of the charge, the rights he would give up by pleading no contest, and the possible sentence. After hearing a proffer of supporting facts from the State, the district court accepted Manning's plea.

On January 11, 2017, Manning received a psychological evaluation that diagnosed him with addiction-related illnesses and recommended that he receive structured substance abuse treatment and possibly community placement. On January 23, 2017, Manning filed a motion for durational departure. Manning argued he was 75 years old and in declining health, justifying a durational departure to the 288 days he would have served by the time of sentencing. Alternatively, Manning asked for probation and substance abuse treatment.

2

At the sentencing hearing on January 26, 2017, Manning presented testimony from Dr. Robert Barnett, the psychologist who performed his psychological evaluation, and argued that his age and health would make him more of a burden to the State in prison than if he were sentenced to time served. The district court denied Manning's motion, commenting that Manning was a habitual and longtime user of methamphetamine who committed this crime while on supervised release in a previous case. The court sentenced Manning to 20 months in prison followed by 12 months of postrelease supervision to be consecutive to the sentence imposed on him for a 2014 conviction for possession with intent to distribute methamphetamine. Manning timely appealed.

ANALYSIS

Manning presents two issues: (1) The district court abused its discretion by denying his motion for departure; and (2) the nature of this conviction required the court to order mandatory substance abuse treatment instead of imprisonment.

*Motion for departure*

Manning contends "his age, his health, and history of mental health issues and drug use" should have been enough for the district court to grant his departure motion and the failure to do so constituted an abuse of discretion. Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Manning's argument concerning the denial of his departure motion fails from the outset for want of jurisdiction. We have no jurisdiction to review "[a]ny sentence that is within the presumptive sentence for the crime." K.S.A. 2016 Supp. 21-6820(c)(1). Based on Manning's level 5 drug felony conviction and his category E criminal history classification, the presumptive sentencing options included 18 months (mitigated), 20

months (standard), and 22 months (aggravated). K.S.A. 2016 Supp. 21-6805(a). The district court imposed the 20-month standard presumed sentence. Therefore, this part of Manning's appeal must be dismissed.

There is another aspect of Manning's abuse of discretion argument that is properly before us. The severity level and Manning's criminal history made probation the presumed disposition, but Manning committed this crime while on postrelease supervision as part of his sentence for a prior conviction. Therefore, the district court had discretion to impose a prison sentence without it being considered a departure. K.S.A. 2016 Supp. 21-6604(f)(1). The district court exercised that discretion by ordering that Manning be remanded to prison to serve his sentence.

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Here, the district court noted Manning's longstanding use of illegal drugs and the fact that the current crime was committed while on supervised release. Manning points to no error of law or fact by the district court—only the rejection of Manning's mitigation arguments. On these facts, we cannot find that no reasonable judge would take the view adopted by the judge in this case. There was no abuse of discretion in directing service of Manning's sentence.

*Mandatory treatment*

Manning also contends the district court was required by statute to order him into drug treatment rather than send him to prison. Defendants may challenge a district court's refusal to order a defendant to a drug treatment program as part of a sentence, since drug treatment is mandatory in cases where the defendant qualifies. In this case, the district court did not commit error in denying Manning an order for mandatory treatment. K.S.A.

4

2016 Supp. 21-6824(a) directs an adult offender to drug treatment if he is convicted under K.S.A 2016 Supp. 21-5706 and his offense severity and criminal history places him in grid block 5-E. Manning fell within those parameters. However, that section excludes from treatment those with a prior felony conviction for violating K.S.A. 2016 Supp. 21-5705. K.S.A. 2016 Supp. 21-6824(a)(1). Manning was convicted of violating 21-5705(a)(3) on June 5, 2014.

Since Manning was not eligible for an order to drug treatment under K.S.A. 2016 Supp. 21-6824, the district court could not be in error by failing to do so.

Affirmed in part and dismissed in part.