NOT DESIGNATED FOR PUBLICATION

No. 117,198

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID EUGENE SISSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed May 4, 2018. Affirmed.

*Nicholas David*, of The David Law Office LLC, of Topeka, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: David Eugene Sisson appeals, claiming the district court erred in denying his motion to suppress evidence collected following a traffic stop. Sisson contends that when the arresting officer stopped him, the officer lacked reasonable suspicion to believe that any traffic law had been violated.

1

*Facts*

On the evening of October 5, 2015, Deputy Jordan Cruz observed a pickup truck with what appeared to be a defective license plate lamp. He later testified that "[t]he entire white part of the bulb was showing to the rear of the vehicle." The bulb had detached from its housing and was dangling down over the license plate. He explained that this did not conform to safety standards which required the bulb to be incased in something that shines the light on the license plate and not towards a vehicle to the rear. He testified that the white light emanating from the back of the vehicle posed a safety hazard to other drivers on the road and that the dangling light hindered his "ability to safely see the license plate, the numbers on the registration, the state, all the information that [he] needed to be able to see, the reason for the light."

Deputy Cruz followed the pickup for about 2 miles and then pulled the vehicle over. Sisson was the driver of the pickup truck. He exhibited signs of intoxication which led to his arrest on suspicion of DUI.

Prior to trial, Sisson moved to suppress the evidence obtained during the traffic stop. The State opposed, arguing that the stop was based on reasonable suspicion that Sisson had violated K.S.A. 8-1706(c). The State argued in the alternative that the stop was made for the purpose of public safety.

At the hearing on Sisson's motion, both the State and Sisson presented photos to show the extent the license plate lamp obstructed the view of the license plate. The State's exhibit—taken at the scene of the DUI investigation only a few feet from Sisson's vehicle—revealed that the lamp was so bright that it prevented someone from reading the license plate. Sisson's exhibit—taken at his home under different lighting conditions but also only a few feet from the vehicle—revealed that the light blocked a portion of the

2

license plate and that the word Kansas was not legible. The video recording of the traffic stop was also introduced into evidence.

During cross-examination Deputy Cruz testified that the wire and the light were only covering the word Kansas on the license plate, but the light reflected brightly enough off the license plate itself that it obstructed the remainder of the license plate. He did concede, however, that the dangling light was not actually a public safety concern. When asked at what distance he had trouble viewing the license plate, Deputy Cruz said that he did not recall how far he was away from Sisson's vehicle, but from the video introduced into evidence it appears that at the time the video camera was activated Deputy Cruz was following the pickup truck at a normal distance for highway driving.

After reviewing the testimony and the photo and video evidence, the district court found that the officer had reasonable suspicion to stop Sisson's vehicle and denied Sisson's motion. The court noted that the evidence showed that the word Kansas was illegible on the tag and stated that the light was "very bright, and it did appear to be defective in that you couldn't read a part of the tag."

After a bench trial, the district court found Sisson guilty of DUI and sentenced him accordingly. This appeal followed.

*Issues and Review Standards*

The central issue of this appeal is Sisson's claim that Deputy Cruz did not have reasonable suspicion to stop Sisson's pickup truck for a traffic violation. The State raises as an alternative basis for the stop a claimed concern for public safety. We will consider this alternative later.

3

We review the district court's factual findings that are challenged here to determine whether they are supported by substantial competent evidence. We review the district court's ultimate legal conclusion de novo. In considering the district court's findings, we do not reweigh the evidence or assess the credibility of witnesses. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016). We have unlimited review over the interpretation of any applicable statute. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

*Analysis*

The Fourth Amendment to the United States Constitution and Section 15 of the Kansas Constitution Bill of Rights guarantees "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." A traffic stop is a seizure. *State v. Marx*, 289 Kan. 657, 661, 215 P.3d 601 (2009).

*Reasonable Suspicion of a Traffic Infraction*

One of the valid bases for effectuating a traffic stop is that the officer has reasonable suspicion, supported by specific and articulable facts, that a crime has been, is being, or is about to be committed. K.S.A. 22-2402(1); *Marx*, 289 Kan. at 661-62. Reasonable suspicion is measured under a totality of the circumstances. *State v. Sharp*, 305 Kan. 1076, 1081, 390 P.3d 542 (2017). It is a lower standard than probable cause. 305 Kan. at 1081.

> "In determining whether reasonable suspicion exists, the court must judge the officer's conduct in light of common sense and ordinary human experience under the totality of the circumstances. This determination is made with deference to a trained officer's 'ability to distinguish between innocent and suspicious circumstances,' while recognizing that it represents a 'minimum level of objective justification' and is 'considerably less than proof

4

of wrongdoing by a preponderance of the evidence.'" 305 Kan. at 1081 (quoting *City of Atwood v. Pianalto*, 301 Kan. 1008, 1011, 350 P.3d 1048 [2015]).

Deputy Cruz stated that he stopped Sisson's pickup because he suspected it was being operated with a defective license tag light in violation of K.S.A. 8-1706(c), which requires:

> "Either a tail lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty (50) feet to the rear. Any tail lamp or tail lamps, together with any separate lamp or lamps for illuminating the rear registration plate, shall be so wired as to be lighted whenever the head lamps or auxiliary driving lamps are lighted."

There is no dispute that Sisson's vehicle had an operating tail lamp that emitted white light. Sisson argues that the State failed to prove that his license plate was illegible at a distance of 50 feet and, therefore, it did not prove that Cruz had reasonable suspicion to effectuate the traffic stop.

First, the State does not need to prove every element of the crime by a preponderance of the evidence but instead must show that the officer reasonably believed the crime had been or was being committed based on a totality of the circumstances. See *Sharp*, 305 Kan. at 1081. So there was no need to prove the exact distance from which Deputy Cruz observed the license plate but instead only that he reasonably believed based on a totality of the circumstances that the traffic infraction had occurred.

K.S.A. 8-1706(c) requires the license plate lamp to illuminate the rear registration plate so as to make it legible from a distance of 50 feet. The registration plate identifies the issuing state, the registration number assigned to the vehicle, and the date of registration as required by K.S.A. 8-132(a). Here, the photo evidence shows that a portion

5

of the registration plate was illegible from a distance considerably less than the required 50 feet.

Deputy Cruz testified that he was unable to clearly view the license plate while he was following the vehicle. We give deference to a trained officer's ability to distinguish between innocent and suspicious activities. See *Sharp*, 305 Kan. at 1081. Equally important, we do not substitute our own view of a witness' credibility for that of the trial judge who personally observed the demeanor of the witness. Accordingly, we take the observations of Deputy Cruz to be accurate.

Under the totality of the circumstances, Deputy Cruz had a reasonable suspicion to believe that the license plate did not comply with the statutory requirements so as to effectuate the traffic stop. There was substantial evidence to support the district court's finding of reasonable suspicion which justified the stop.

*Public Safety/Community Caretaking Stop*

As an alternative to reasonable suspicion, the State argues that the evidence from the DUI investigation should not be suppressed because Deputy Cruz stopped the pickup to deal with a public safety concern.

Public safety must be the primary purpose of the traffic stop in order for this exception to apply. A stop for a traffic infraction is not a public safety stop. In *Marx*, there was no valid public safety stop because the officer followed the vehicle "for approximately a mile in the hope of observing a traffic violation rather than immediately addressing the alleged endangerment to the public." *Marx*, 289 Kan. at 663.

Here, Deputy Cruz acknowledged at the suppression hearing that the lamp was not a safety hazard in this particular situation. Further, he followed the pickup truck for over

6

2 miles before stopping it, rather than immediately addressing any alleged public safety concern.

There was no public safety issue to justify the stop, but the pickup's perceived defective license plate lamp provided reasonable suspicion of a traffic infraction to justify the traffic stop which lead to Sisson's arrest for DUI. The district court did not err in denying Sisson's suppression motion.

Affirmed.