NOT DESIGNATED FOR PUBLICATION

No. 120,346

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRAD A. STARLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; SCOTT E. MCPHERSON, judge. Opinion filed July 5, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Brad A. Starlin pled no contest to one count of possession of a drug upon the grounds of a correctional facility. At sentencing, the district court granted Starlin's motion for a durational departure and sentenced him to an 18-month sentence. The district court noted that the sentence was "consecutive to his current charges." At the end of the sentencing hearing, the county attorney read into the record what he maintained was "the case numbers that this case runs consecutive to." In so doing, the county attorney omitted Cowley County case No. 2010-CR-349. The district court, however, included this case in its journal entry and indicated that the sentence in this case was consecutive to all of the cases, including the one omitted at the sentencing hearing.

1

Starlin later moved to correct an illegal sentence. He contended that the pronouncement at sentencing controlled and, because the Cowley County case was not included in the county attorney's recitation of cases, his current sentence must be concurrent with that sentence. The district court denied that motion, ruling that the Kansas statutes mandated that a crime committed while incarcerated and serving a sentence for a felony must be consecutive to all pending cases.

On appeal, Starlin contends that the district court erred when it denied his motion to correct an illegal sentence because the record did not affirmatively show that the sentence in this case was consecutive to the Cowley County case. We granted Starlin's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded to this motion for summary disposition, and it joined in the request for summary disposition.

We are guided in this inquiry by K.S.A. 2018 Supp. 21-6606. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). K.S.A. 2018 Supp. 21-6606(a) states in part, the following: "Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently, except as otherwise provided in subsections (c), (d), and (e)." K.S.A. 2018 Supp. 21-6606(e)(1) states as follows: "Any person who is convicted and sentenced for a crime committed while such person is incarcerated and serving a sentence for a felony in any place of incarceration shall serve the sentence consecutively to the term or terms under which the person was incarcerated." Because Starlin was incarcerated, which he does not dispute, and serving a sentence for a felony, the sentencing judge was bound by K.S.A. 2018 Supp. 21-6606(e)(1) to rule that his sentence for possession of a drug upon the grounds of a correctional facility would be consecutive to his conviction in the Cowley County case. As a result, Starlin's argument fails.

Affirmed.

2