NOT DESIGNATED FOR PUBLICATION

No. 116,237

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAIME PEREZ HERNANDEZ,
*Appellant*.


MEMORANDUM OPINION


Appeal from Greenwood District Court; JANETTE L. SATTERFIELD, judge. Opinion filed October 4, 2019. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., GARDNER, J., and LAHEY, S.J.


PER CURIAM: Jaime Perez Hernandez appeals his cultivation of marijuana and conspiracy to cultivate marijuana convictions. He makes three interrelated arguments in this appeal. First, he contends that the State's amended complaint on the cultivation charge was statutorily deficient. Next, he alleges that the deficient complaint led the trial court to issue improper jury instructions on both charges. Finally, he asserts there was insufficient evidence to support his convictions. Unpersuaded by Hernandez' arguments, we affirm his convictions.

1

On August 26, 2014, law enforcement officers from the Greenwood County Sheriff's office, the Kansas Bureau of Investigation, and the Kansas Department of Wildlife and Parks conducted surveillance at a field where they believed men were living in a tent and growing marijuana. Using thermal imaging, an officer could see human silhouettes inside the tent. Around 6:20 a.m., two men came out of the tent. When the two men started moving towards the officers' surveillance location, both were arrested.

One of the men arrested was Hernandez. During an interview with a KBI officer, Hernandez stated that at the grow site, he was responsible for watering the plants twice a day and he was being paid $100 a day for his work in the fields. Chemical testing confirmed the more than 1,700 plants recovered from the field were marijuana. Tools needed to cultivate the plants were also found at the grow site.

Hernandez was charged with one count each of unlawful cultivation of a controlled substance under K.S.A. 2014 Supp. 21-5705(c); conspiracy to unlawfully cultivate a controlled substance under K.S.A. 2014 Supp. 21-5302(a) and K.S.A. 2014 Supp. 21-5705(c); unlawful possession of drug paraphernalia under K.S.A. 2014 Supp. 21-5709(b)(1); and no drug tax stamp under K.S.A. 79-5204.

Initially, the complaint filed by the State did not list the culpable mental state Hernandez needed to commit the crime of unlawful cultivation of a controlled substance. But the State later amended the complaint to read:

"That on or between [] May 1-August 26, 2014 in Greenwood County, State of Kansas, [Hernandez] did, then and there, contrary to the statutes of the State of Kansas, unlawfully, **intentionally, knowingly and recklessly**, cultivate a controlled substance, to

wit; marijuana, a hallucinogenic drug, and that said cultivation was more than 100 plants, in violation of K.S.A. 21-5705(c)(7)(C)."

Hernandez testified on his own behalf at trial. Although Hernandez denied that he was paid for his work in the field, he did not otherwise challenge the underlying essential facts of the case. Hernandez' defense was that he was forced to work in the marijuana field. He said that after work one day in May 2014, a stranger with a gun approached him, forced him into a truck, took him to the field, and told him to water the plants. He recognized the plants as marijuana, but he stayed and watered them because he was afraid he could be killed. He said that the one time he left the field, the stranger found him and threatened to kill him if he left the field again. Hernandez testified that he lied to the KBI officer about being paid to work in the marijuana field. He also explained that he never told officers about the stranger with the gun when he was interviewed because he still feared the stranger would hurt him.

In the end, the jury found Hernandez guilty on all counts. The district court sentenced Hernandez to a controlling sentence of 120 months' imprisonment followed by 36 months' postrelease supervision.

Hernandez timely appeals.

DOES THE INCLUSION OF "RECKLESSLY" AS A CULPABLE MENTAL STATE REQUIRE REVERSAL OF HERNANDEZ' CONVICTIONS?

In seeking reversal of his cultivation of marijuana conviction, Hernandez makes three arguments that all hinge on the inclusion of "and recklessly" as a culpable mental state in the State's amended complaint. Because there were no facts supporting that he recklessly cultivated marijuana, he argues: (1) The State's amended complaint was defective because it failed to allege facts showing that he recklessly cultivated marijuana;

3

(2) the district court erred by removing the term "recklessly" from the cultivation jury instruction because no evidence supported that he recklessly cultivated marijuana; and (3) there was insufficient evidence to support the cultivation of marijuana conviction because there was no evidence supporting "reckless" cultivation. Hernandez asks us to reverse his cultivation of marijuana conviction.

Hernandez also challenges his conspiracy to cultivate marijuana conviction. He notes that the conspiracy to cultivate marijuana jury instruction told the jury the following: "The definition of cultivation of marijuana, the crime charged to be the subject set forth in Instruction No. 5." Because the conspiracy to cultivate marijuana jury instruction told the jurors to rely on the cultivation of marijuana instruction, he argues that the conspiracy to cultivate instruction was erroneous as well. He further requests that we reverse this conviction because no evidence supported that he recklessly conspired to cultivate marijuana.

A.    *Preservation*

Because Hernandez' current arguments were not raised in the district court, we must first consider whether we should address his arguments on appeal. Generally, we do not consider arguments raised for the first time on appeal. Our Supreme Court has recognized three exceptions to this general rule:

> "(1) The newly asserted theory involves only a question of law arising on proved or
> admitted facts and is determinative of the case; (2) consideration of the theory is
> necessary to serve the ends of justice or to prevent the denial of fundamental rights; and
> (3) the district court is right for the wrong reason. [Citations omitted.]" *State v. Phillips*,
> 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Hernandez contends his arguments should be considered for the first time on appeal because they involve only a question of law based on the written record, involve

4

no controverted facts, and a finding that the complaint was defective would be dispositive. Further, he argues consideration of his claim is necessary to serve the ends of justice. The State does not make any contrary argument. We agree that Hernandez' argument involves only a question of law based on admitted facts, i.e., the content of the charging document, and is determinative of the case. Therefore, we will consider Hernandez' arguments.

B.      *Amended Complaint Statutorily Sufficient*

Hernandez argues that the State's charge of cultivation in the amended complaint was statutorily deficient. Specifically, he argues that it is impossible to recklessly cultivate over 1,700 marijuana plants. Accordingly, he asserts that the amended complaint was defective because the State could not prove beyond a reasonable doubt that he "intentionally, knowingly *and recklessly*" cultivated marijuana.

An appellate court exercises de novo review when considering a defendant's challenge on a defective complaint. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016). To the extent Hernandez' argument involves statutory interpretation, statutory interpretation is a question of law over which this court has unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Our Supreme Court created the following test to determine whether a charging document is statutorily deficient:

> "Because all crimes are statutorily defined, this is a statute-informed inquiry. The legislature's definition of the crime charged must be compared to the State's factual allegations of the defendant's intention and action. If those factual allegations, proved beyond a reasonable doubt, would justify a verdict of guilty, then the charging document is statutorily sufficient." *Dunn*, 304 Kan. at 812.

5

Because the complaint/information included intentional and knowing as culpable mental states, we find the cultivation of marijuana charge in the State's amended complaint meets the preceding *Dunn* test.

To commit the crime of cultivation under K.S.A. 2018 Supp. 21-5705(c), a "person [must] cultivate any controlled substance or controlled substance analog listed in subsection (a)." This list includes marijuana. See K.S.A. 65-4105(d)(17). Our Legislature did not explicitly list the culpable mental state needed to commit the crime of cultivation under the plain language of K.S.A. 2018 Supp. 21-5705(c). Still, unless a crime "plainly dispenses with any mental element," all crimes require that a defendant act with a culpable mental state. K.S.A. 2018 Supp. 21-5202(d). When a "crime does not prescribe a culpable mental state, but one is nevertheless required under subsection (d), 'intent,' 'knowledge' or 'recklessness' suffices to establish criminal responsibility." K.S.A. 2018 Supp. 21-5202(e). Thus, for Hernandez to commit the crime of unlawful cultivation in this case, he would have to cultivate the marijuana intentionally, knowingly, or recklessly.

We note that the State concedes that it used the conjunction "and" instead of "or" before the term "recklessly" in the amended complaint by mistake. Even so, the State correctly points out that under K.S.A. 2018 Supp. 21-5202(c), proof of a higher degree of culpability establishes proof of any lower degree of culpability charged:

> "*Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged. If recklessness suffices to establish an element, that element also is established if a person acts knowingly or intentionally.* If acting knowingly suffices to establish an element, that element also is established if a person acts intentionally." (Emphasis added.)

In turn, because evidence that a defendant acted "intentionally" constitutes evidence that the defendant acted "knowingly" and "recklessly," so long as a defendant

6

can commit the crime of cultivation "intentionally," the State's misuse of the conjunction "and" did not render the amended complaint deficient. As previously discussed, a defendant may cultivate marijuana in violation of K.S.A. 2018 Supp. 21-5705(c), intentionally, knowingly, or recklessly.

Despite the plain language of the statute, Hernandez contends that we should not rely on K.S.A. 2018 Supp. 21-5202(c) to rule his cultivation charge in the amended complaint statutorily sufficient. He argues that the State was obligated to prove that he acted in a reckless manner by including "and recklessly" as a culpable mental state in the amended complaint. Hernandez, however, ignores that K.S.A. 2018 Supp. 21-5202(c)'s rule that proof of a higher culpable mental state constitutes proof of a lower culpable mental state was in effect when the State amended his cultivation charge. See L. 2010, ch. 136, § 13. Because the language of K.S.A. 2018 Supp. 21-5202(c) was in effect when the State charged Hernandez, the State was never obligated to prove that Hernandez recklessly cultivated marijuana if it provided evidence that he intentionally or knowingly cultivated marijuana.

Finally, Hernandez' argument ignores the fact that the State's inclusion of the conjunction "and" instead of "or" required it to prove that Hernandez acted intentionally, which is the highest degree of culpability, instead of recklessly, which is the lowest degree of culpability. In this respect, the State's wording of the complaint actually benefited Hernandez.

We find the State's cultivation charge against Hernandez in its amended complaint was statutorily sufficient.

C. *No Jury Instruction Error*

Next, Hernandez argues that the district court erred by removing "recklessly" as a culpable mental state from the cultivation jury instruction. He argues that because no evidence existed establishing that he recklessly cultivated marijuana, had the district court given a jury instruction that followed the language of his cultivation charge in the amended complaint, the jury would have found him not guilty. Because the conspiracy to cultivate marijuana instruction refers back to the cultivation of marijuana instruction, Hernandez argues that the jury would not have found him guilty of conspiracy to cultivate marijuana if it had been properly instructed on cultivation as well.

Appellate courts review challenges concerning jury instructions in a three-step process: (1) We consider whether the issue is properly before the court; (2) we consider whether the jury instruction being challenged was legally and factually appropriate; and (3) we consider whether any error can be deemed harmless. See *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018).

Both Hernandez and the State submitted proposed jury instructions that followed the standard Pattern Instructions Kansas (PIK) wording and included "recklessly" as a culpable mental state. See PIK Crim. 4th 57.021 (2013 Supp.). At the jury instruction conference, the district court and the parties discussed the appropriateness of including "recklessly" as a culpable mental state in the cultivation jury instruction:

> "[THE COURT:] . . .The only interesting factor that I have contemplated for days now is how one would recklessly cultivate marijuana.
>
> "You have a scenario and you can share it with me [if] you think it's applicable in this case based on the facts of this case . . . . I know that legislatively that's part of the elements of cultivation. They added reckless. I know it's defined in the culpable mental state. But I for the life of me can't figure out how someone would recklessly cultivate

marijuana, other than if a plant was in their garden and they watered their whole garden including their marijuana plants that were wild or something.

"Give me a scenario that's reckless that would apply to this to give any kind of reckless instruction, counsel.

"[THE STATE]: Judge, and the short answer is I agree with you. Recklessly probably doesn't apply. I included that language because that was the statutory language in the complaint. But based upon all the testimony, the defendant albeit, he claimed due to the compulsion he was intentionally [caring] and taking care of the plants. So I don't see any factual scenario in this case that would call for recklessly.

"[DEFENSE COUNSEL]: I would concur."

As a result, jury Instruction No. 5 included only "intentionally" and "knowingly" as culpable mental states and read as follows:

"The defendant is charged with unlawfully cultivating a controlled substance. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1.     The defendant cultivated marijuana.
"2.     The defendant did so intentionally and knowingly.
"3.     The number of marijuana plants cultivated was 100 or more.
"4.     This act occurred on or between May 1, 2014 to August 26, 2014 in Greenwood County, Kansas."

Jury Instruction No. 7 on conspiracy to unlawfully cultivate a controlled substance provided:

"To establish this charge, each of the following claims must be proved:

9

"1.     The defendant agreed with another person to commit or assist in the commission of cultivation of marijuana.

"2.     The defendant did so with the intent that cultivation of marijuana be committed.

"3.     The defendant or any party to the agreement acted in furtherance of the agreement by cultivating marijuana plants.

"4.     This act occurred on or between May 1, 2014 to August, 26, 2014, in Greenwood County, Kansas.

"The definition of cultivation of marijuana, the crime charged to be the subject set forth in Instruction No. 5."

The district court also instructed the jury on compulsion as a defense.

In determining whether this issue is properly before us, we first acknowledge that K.S.A. 2018 Supp. 22-3414(3) requires a party claiming error in a jury instruction to object prior to the verdict unless the jury instruction is clearly erroneous. Furthermore, if a party has not merely failed to object to a jury instruction but has invited error, we will not review the party's argument regarding the issue on appeal unless the error is structural. See *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Here, there is no claim of structural error.

In his brief, Hernandez recognizes that he did not object to the wording of the cultivation jury instruction below. But he does not recognize that his attorney assented to the wording he now challenges. Again, when the district court questioned whether it should remove the "recklessly" language in his cultivation instruction, Hernandez' defense counsel stated, "I would concur." Although our Supreme Court has cautioned against applying the invited error rule mechanically when reviewing jury instruction challenges, our Supreme Court has applied the invited error rule when the defendant proposed an instruction where the requisite intent required to commit the crime was

10

broader than the complaint and did not object to it. See *State v. Lewis*, 299 Kan. 828, 855, 326 P.3d 387 (2014).

Here, Hernandez' proposed jury instruction on cultivation included the term "recklessly." Yet, unlike the complaint—which read "intentionally, knowingly *and recklessly*"—Hernandez' instruction read: "The defendant did so intentionally, knowingly, *or recklessly*." Based on Hernandez' counsel's use of the conjunction "or," it is readily apparent that Hernandez was not relying on the State's use of "and" in the amended cultivation charge as part of his defense. Indeed, had the district court accepted Hernandez' proposed jury instruction, the district court would have eliminated his current appellate argument that the State needed to prove all three culpable mental states. Moreover, as noted, Hernandez agreed to the district court's proposal to omit recklessly as a culpable mental state, which theoretically increased the State's burden of proof. Under these facts, we hold that Hernandez invited any error in the cultivation of marijuana instruction.

Notwithstanding that conclusion, we observe that Hernandez fails to establish that the district court's deletion of "recklessly" as a culpable mental state in his proposed cultivation instruction resulted in clear error. When a party does not object to the wording of a jury instruction, we will reverse only if we are firmly convinced that the jury would have reached a different verdict but for the jury instruction error. The party claiming clear error has the burden of proof. See *McLinn*, 307 Kan. at 318.

Because evidence a defendant acted "intentionally" constitutes evidence that a defendant acted "knowingly" and "recklessly," K.S.A. 2018 Supp. 21-5202(c), then so long as the evidence supports that Hernandez "intentionally" cultivated marijuana, evidence also supports that Hernandez "knowingly" and "recklessly" cultivated marijuana.

11

During his interview with the KBI officer, Hernandez stated that he was being paid $100 a day to water the marijuana fields. Hernandez never mentioned a stranger forcing him to water the field during his interview. Hernandez admitted he camped at the marijuana field for three months and watered it twice a day. By convicting Hernandez of all counts, the jury clearly rejected Hernandez' compulsion defense. The preceding facts constitute strong evidence that Hernandez intentionally cultivated marijuana and we note that Hernandez does not argue otherwise. As a result, we are not firmly convinced that but for the district court's deletion of recklessly as a culpable mental state, the jury would have found Hernandez not guilty of cultivation and conspiracy to cultivate marijuana.

D.    *Sufficient Evidence Existed*

Hernandez' sufficiency of the evidence challenge is likewise based on his contention that the State was obligated but failed to present evidence that he recklessly cultivated the marijuana. But, as set forth above, evidence Hernandez intentionally cultivated marijuana and conspired to cultivate marijuana also establishes why sufficient evidence supports his convictions. Appellate courts review sufficiency of the evidence challenges to determine whether a rational fact-finder could find the defendant guilty beyond a reasonable doubt after considering all of the evidence when viewed in the light most favorable to the State. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). Given Hernandez' statement to the KBI officer that he was being paid to water the marijuana field, as well as his testimony about camping at the marijuana field for three months, sufficient evidence supported that Hernandez intentionally cultivated marijuana and conspired to cultivate marijuana.

We affirm Hernandez' convictions of unlawful cultivation of a controlled substance and conspiracy to unlawfully cultivate a controlled substance.

Affirmed.