NOT DESIGNATED FOR PUBLICATION

No. 122,058

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHANIEL LEWIS BURNETT JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed October 30, 2020. Affirmed.

*Kelly J. Fuemmeler*, of Troy, for appellant.

*Sherri L. Becker*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Nathaniel Burnett appeals his one-year jail sentence for driving with a suspended license, arguing that he should have received probation instead. Because the district court's decision to sentence him to a jail term was consistent with Kansas law and a reasonable exercise of the court's discretion, we affirm.

In August 2018, the State originally charged Burnett with driving with a suspended license, driving while a habitual violator, and driving without vehicle registration—all misdemeanors. When Burnett pleaded guilty to the first offense, the State dismissed the other two charges.

1

This was not Burnett's first conviction for driving with a suspended license, so Kansas law allowed the district court to impose a sentence of up to a one year in the county jail. K.S.A. 2018 Supp. 8-262(a)(1); K.S.A. 2018 Supp. 21-6602(a)(1). At sentencing, Burnett offered several reasons why he believed he should receive probation instead of serving a jail term. He had a full-time job; his most recent conviction was six years ago; and he had just paid $4,000 owed from a prior traffic case, making his license eligible for reinstatement soon. The court did not find those reasons persuasive, however. In particular, the court observed that Burnett had an extensive criminal history and had driven a vehicle even though he had not had a driver's license since 2001.

After considering the circumstances of Burnett's case, the court imposed a one-year jail sentence. But the court found Burnett eligible for work release—meaning he could leave the jail for work each day and return at night. See K.S.A. 2018 Supp. 21-6604(a)(11). The court also ruled that Burnett could be released for an upcoming Juneteenth celebration. A few weeks later, the district court released him on bond so he could pursue this appeal.

On appeal, Burnett argues that he should have received probation rather than jail time. As we have noted, the sentence the district court imposed was within the permissible statutory range for Burnett's conviction. See K.S.A. 2018 Supp. 21-6602(a)(1). In such instances, our review of Burnett's sentence is limited to determining whether the court abused its discretion—that is, whether the court based its decision on a legal or factual error or rendered a decision with which no reasonable person would agree. See *State v. Collins*, 303 Kan. 472, 476-77, 362 P.3d 1098 (2015).

Burnett bears the burden of showing the court abused its discretion. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009). He does not allege any legal or factual error, but rather asserts that the district court's decision was unreasonable, emphasizing his recent efforts to reinstate his license by paying off fees from other cases. The district

2

court considered those efforts, however, observing that it could modify his sentence later if his license was reinstated. See K.S.A. 2018 Supp. 21-6608(b) (allowing a judge to "parole any misdemeanant sentenced to confinement in the county jail"). And by approving Burnett for work release, the court appears to have provided an opportunity for him to remain employed. Given Burnett's extensive criminal history, which included several suspended-license convictions, imposing jail time rather than probation was a reasonable decision. The district court did not abuse its discretion in imposing a jail sentence under these circumstances.

Affirmed.