NOT DESIGNATED FOR PUBLICATION

No. 123,429

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACQUELINE R. BURRUS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed July 2, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Jacqueline Burrus appeals the revocation of her probation, arguing that the district court abused its discretion when it ordered her to serve a modified controlling sentence of 30 months' imprisonment instead of allowing her to remain on probation. We granted Burrus' motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Finding no error by the district court, we affirm.

Burrus pleaded guilty in 2020 to possession of methamphetamine and domestic battery based on events that took place in December 2019. The district court sentenced Burrus to a 37-month prison term for these crimes, followed by 12 months of postrelease

supervision. The court then granted Burrus' request for a dispositional departure, suspending her prison sentence and ordering 12 months of probation.

Less than a month after Burrus' sentencing hearing, the State moved to revoke her probation when she was arrested for two new crimes—possessing methamphetamine and violating a protection-from-abuse order.

After Burrus stipulated to these violations at a hearing, the district court turned to the appropriate disposition. The State indicated that it had reached an agreement with Burrus whereby the parties would jointly recommend that Burrus' probation should be revoked and the court should impose a shorter prison term—30 months instead of 37 months. The State also agreed not to file charges related to the new possession offense. Burrus then addressed the court, noting that she understood the agreement that had been reached but did not wish to go to prison. She explained that if the district court sentenced her to prison, she would "lose everything," including her social security benefits. Having considered these arguments, the district court revoked Burrus' probation and ordered her to serve a modified controlling sentence of 30 months' imprisonment, as the parties had previously agreed to recommend, followed by 12 months' postrelease supervision.

Burrus appeals, arguing the district court acted unreasonably when it revoked her probation and ordered her to serve a modified prison sentence. We review the district court's revocation of an offender's probation for an abuse of discretion. *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015). A district court abuses its discretion when its decision is based on an error of law or fact or is otherwise arbitrary or unreasonable. 303 Kan. at 476.

As a preliminary matter, the State argued in its response to Burrus' request for summary disposition that this court lacks jurisdiction over Burrus' appeal because her modified prison sentence resulted from an agreement with the State. See K.S.A. 2020

2

Supp. 21-6820(c)(2); *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194, *rev. denied* 306 Kan. 1322 (2017). We are not persuaded by this jurisdictional argument for at least three reasons, however. First, our review of the record raises a question as to whether Burrus actually agreed to the 30-month sentence, given her statements at the hearing on her probation violations. Second, a separate panel of this court has concluded that the jurisdictional bar in K.S.A. 2020 Supp. 21-6820(c)(2) does not apply in the context of a modified sentence imposed following the revocation of an offender's probation. See *State v. Maggett*, No. 118,057, 2018 WL 4840311, at *3 (Kan. App. 2018) (unpublished opinion), *rev. denied* 310 Kan. 1068 (2019). And third, Burrus does not challenge the duration or reasonableness of her modified prison sentence—she argues that the district court should not have revoked her probation because she did not want to lose her social security benefits. We conclude there is no jurisdictional bar to our consideration of this argument and therefore proceed to its merits.

Because Burrus committed her original offenses in December 2019, the district court's discretion to determine the appropriate disposition for her probation violations was governed by K.S.A. 2019 Supp. 22-3716. This statute sets forth a number of potential dispositions when a person has violated the terms of her probation. Of relevance to Burrus' case, K.S.A. 2019 Supp. 22-3716(c)(7)(C) allows a district court to revoke probation when a person commits a new crime while on probation, as Burrus did here. And once probation has been revoked, K.S.A. 2019 Supp. 22-3716(c)(1)(C) allows the district court to impose the original underlying sentence or any lesser sentence. We understand Burrus' concerns regarding what was at stake were she to go to prison. But Burrus also committed new crimes akin to her crimes of conviction less than a month after her original sentencing hearing. Under these circumstances, the district court did not act unreasonably when it revoked Burrus' probation and imposed a shorter prison sentence than originally ordered.

Affirmed.