NOT DESIGNATED FOR PUBLICATION

No. 118,573

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN GILBERTO FRANCO-MONSERRATE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed March 8, 2019.
Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: In this sex crimes appeal, we review the credibility findings made
by the trial court when it denied Juan Gilberto Franco-Monserrate's motion for a new
trial. Finding no error we affirm.

*The defendant sought a new trial.*

Franco, convicted of two counts of aggravated indecent liberties with his daughter,
D.F.A., appeals his convictions. He claims he should have been granted a new trial based

1

on an alleged recantation of the victim in a companion prosecution of D.F.A.'s grandfather.

The State charged Franco with a series of sex crimes against D.F.A. All the crimes allegedly occurred between May 2012 and May 2015 when D.F.A. was 11 to 14 years old. We note that D.F.A. was generally described throughout the case as mentally handicapped with an I.Q. of 52, compared to half of the general population who have an I.Q. between 90 and 110. Her credibility was an issue.

Indeed, in a separate case, the State charged Eddie Stano, D.F.A.'s grandfather, with two counts of rape of D.F.A. and aggravated criminal sodomy of a child under 14. During the preliminary hearing in Stano's case, D.F.A. confirmed she had told her interviewers that she wanted her grandfather in jail, but her father out of jail because she loved her father and did not want both of them to go to jail for what they did to her. Franco brought her statements to the attention of his trial judge.

The trial court was unconvinced and found that the testimony from Stano's preliminary hearing provided no reasonable probability that D.F.A. made any false accusations against Franco. Instead, the trial court found that the child's testimony reflected that she still had deep feelings about her father and wanted him out of jail. But this was not the only evidence questioning D.F.A.'s credibility.

The jury heard conflicting evidence about D.F.A.'s lying. D.F.A.'s mother, D.A., testified at Franco's preliminary hearing that the child said she lied about the things Franco had done to her. D.A. also stated that lying was never a "big issue" with D.F.A. Then, the State's child interviewer testified that D.F.A. had made that comment about lying in her interview. But the interviewer placed the comment in the context of the entire interview, including the sensory details related to several incidents of sexual contact with her father, and the "drilling" and interrogation-like questions from her family members

about whether she was lying. The trial court ruled that D.F.A.'s comment to her mother about lying about her father was admissible at trial because it could be considered to directly contradict the child's testimony and impeach her credibility. Evidence on Stano's case was excluded from Franco's trial.

The jury convicted Franco of the two counts of aggravated indecent liberties with a child under 14, but found him not guilty on the remaining charges.

After Franco's trial, D.F.A. learned from her grandmother, T.A., that her father was not coming home. T.A. claimed that the child then told her she could call the jail and tell the authorities to let Stano go because he had not done anything to her.

After Franco's convictions, Stano entered a no contest plea to a reduced charge of attempted indecent liberties with a child between 14 and 16 years, a severity level 6 person felony. At Stano's plea hearing, he raised no issues on the State's factual basis for the charge, and agreed that if he went to trial, the State would be able to prove the allegation. The court accepted Stano's plea, found him guilty, and he is now serving his sentence.

Franco then asked for a new trial. He argued the trial court abused its discretion in excluding evidence of other sexual misconduct allegations by D.F.A., and there was newly discovered evidence from the conversation reported by T.A. with D.F.A. The district court received evidence on Franco's motion for a new trial. D.F.A. did not testify at the hearing. The court later denied Franco's motion.

Franco is now serving two concurrent hard 25 life in prison terms.

*We have one issue to resolve.*

Franco claims that the trial court erred when it denied his motion for a new trial. He contends that D.F.A.'s alleged recantation of her allegations against Stano, combined with her testimony during Stano's preliminary hearing that she did not want both men in jail, undermined her credibility about her allegations against him. He argues, consequently, that her "admitting to untruthfulness would have increased the likelihood of further acquittal" following his trial.

A brief review of the law is helpful at this point. According to the statute, a court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice. K.S.A. 2017 Supp. 22-3501. We review a trial court's decision on a motion for new trial for an abuse of discretion. *State v. Warren*, 302 Kan. 601, 614, 356 P.3d 396 (2015).

It is well-settled law that a judicial action constitutes an abuse of discretion if
- no reasonable person would take the view adopted by the trial court;
- it is based on an error of law; or
- it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. See *State v. Collins*, 303 Kan. 472, 477, 362 P.3d 1098 (2015). The party asserting the trial court abused its discretion bears the burden of showing that abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

The parties offer us opposing suggestions. Franco does not allege that the trial court made a mistake of law or fact in denying his motion for a new trial. Instead, Franco

4

argues that the trial court's assessment of D.F.A.'s alleged recantation in the context of the evidence admitted at trial was unreasonable. He contends that the trial court abused its discretion in failing to "acknowledge [the increased likelihood of further acquittal] in assessing the materiality of [D.F.A.'s] recantation in the Stano case." The State contends the district court did not abuse its discretion in denying Franco's motion for a new trial. In the State's view, the evidence supported the district court's finding that there was no reasonable probability of falsity on the accusations against Stano.

*We find no error in denying a new trial.*

Franco contends that T.A.'s report of D.F.A.'s comment—that Stano did not do anything to her—warrants a new trial in his case. But there is more to the process than the repetition of a statement. To establish the right to a new trial based on newly discovered evidence, a criminal defendant must establish:

- that the newly proffered evidence could not have been produced at trial with reasonable diligence; and
- that the newly discovered evidence is of such materiality that it would be likely to produce a different result upon retrial. *Warren*, 302 Kan. at 615.

Since the district court conducted an evidentiary hearing on the motion for new trial, we review the district court's underlying factual findings using a substantial competent evidence standard and review the legal conclusions based on those facts de novo. See *State v. Johnson*, 304 Kan. 924, 950, 376 P.3d 70 (2016). Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

While Franco makes no claim that the court's factual findings are unsupported by substantial competent evidence, he does contend that the court was unreasonable in concluding that D.F.A.'s alleged statements about her grandfather were not material to his

5

case. He claims those statements would likely produce a different result if the jury had heard them.

Basically, the only issue is whether the recantations about Stano are material to Franco's defense and thus warrant a new trial. In reviewing an order denying a new trial based on recanted testimony for abuse of discretion, the weight to be given recanted testimony is for the trial court to determine, and it must grant a new trial only when satisfied the recantation is true and material. *State v. McKinney*, 272 Kan. 331, 338, 33 P.3d 234 (2001), *overruled on other grounds by State v. Davis*, 283 Kan. 569, 575, 158 P.3d 317 (2007).

Obviously, when determining whether new evidence is material, the district judge must assess the credibility of the newly proffered evidence. An appellate court will not reassess the district judge's determination of credibility from such a hearing. *Warren*, 302 Kan. at 615-16.

Following the evidentiary hearing, the district court found that D.F.A. was a young child with limited intellectual functioning and that she suffered from significant learning and cognitive disabilities. But "[i]t was clear by her testimony during the course of this case, that she missed her father and her grandfather. Her testimony describing the sexual assault by her father was clear, understandable and credible."

Even though D.F.A. did not testify at the evidentiary hearing on Franco's motion for a new trial, the court was left with the statements of her grandmother T.A. T.A. attributed the statements to D.F.A. In its analysis, the trial judge found that the statements provided by T.A. were consistent with D.F.A.'s statements during Stano's preliminary hearing, in that they were "not a specific and detailed denial of her accusations against her grandfather." Further, even after T.A. came forward about

6

D.F.A.'s posttrial comments, Stano entered a plea in which he acknowledged the State could likely prove the charge against him at trial.

In the end, the court found that D.F.A.'s statements were "more likely her desire, since she believes her father will be in jail, to have her grandfather released from jail." The judge found this consistent with the child's limited intellectual functioning, but stated that her testimony on the sexual assaults was clear, always desiring to "have the sexual assaults cease while at the same time not lose her father and grandfather to incarceration." The trial court found that the descriptions of D.F.A.'s statements as "recantations" of her accusations against Stano were not credible, as they did "not bear the necessary indicia of trustworthiness . . . ," and did not "rise to the level of a reasonable probability of falsity."

The trial court found D.F.A.'s testimony throughout the proceedings to be credible. It found T.A.'s recitation of her conversation with D.F.A. lacked specificity and details and was, therefore, not credible. The court weighed the alleged recanted testimony and was not satisfied that it was true and material. The trial court thus was not required to grant a new trial. See *McKinney*, 272 Kan. at 338.

Simply put, Franco has failed to meet his burden to show that D.F.A.'s alleged recantation about Stano's sexual misconduct would have materially affected the outcome of Franco's case. In this record on appeal, Franco likewise fails to show that no reasonable person would take the view adopted by the trial court. The trial court did not abuse its discretion when it denied Franco's motion for a new trial.

Finding no error, we affirm.

7