NOT DESIGNATED FOR PUBLICATION

No. 119,257

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHERRI HENSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Morris District Court; MICHAEL F. POWERS, judge. Opinion filed June 7, 2019. Reversed and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Laura E. Allen*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and ATCHESON, JJ.

PER CURIAM:  Sherri Henson violated her probation because the drug treatment center discharged her from the drug treatment program. Her probation officer imposed a 48-hour "dip" for this violation. The day that Henson began serving her "dip," she tested positive for methamphetamine and oxycodone. While Henson served her "dip," the State moved to revoke her probation on the basis of her drug use. After a probation revocation hearing, the trial court imposed a 120-day prison sanction for Henson's drug use. Henson appeals this sanction, arguing that the trial court lacked authority to impose a 120-day sanction for conduct that her probation officer knew about when the officer imposed the

1

48-hour dip. We conclude that the trial court's imposing of the 120-day sanction in this case did not conform to the statutory procedure for imposing graduated intermediate sanctions. Accordingly, we reverse and remand with directions to vacate the 120-day sanction.

On June 6, 2017, Henson pleaded no contest to possession of a controlled substance, a severity level five felony, and endangering a child, a class A misdemeanor. On August 1, 2017, the trial court imposed a sentence of 240 days in jail for the misdemeanor, to be served consecutive to a 30-month sentence for the felony. The trial court granted Henson an 18-month term of probation for the felony conviction, which was to be served after she completed her 240-day misdemeanor sentence.

On February 6, 2018, the trial court modified Henson's misdemeanor sentence so that she could enter drug treatment. The trial court ordered that Henson's probation would begin as soon as she was released to the treatment facility.

On March 1, 2018, the treatment center discharged Henson from its program. The treatment center's discharge summary stated that Henson used drugs, lied to staff about her drug use, and started a verbal altercation with other patients. The day that Henson was discharged, the treatment center required her to provide a urinalysis (UA). It tested positive for methamphetamine and amphetamine.

On March 6, 2018, Henson met with her probation officer. The officer imposed a 48-hour jail sanction on Henson for being unsuccessfully discharged from treatment. Henson began serving this sanction the evening of March 6, 2018. Also on March 6, 2018, the probation officer required Henson to submit to another UA. This UA was positive for methamphetamine and oxycodone.

2

On March 7, 2018, the State moved to revoke Henson's probation. The State alleged that Henson failed to complete drug treatment as required. The State also alleged that Henson failed to remain alcohol and drug free, as she tested positive for methamphetamine and amphetamine on March 1, 2018, and tested positive for methamphetamine and oxycodone on March 6, 2018. Henson remained in jail from March 6 until the day of the revocation hearing.

At her probation revocation hearing on April 4, 2018, Henson stipulated to the violations. The State requested a "120-day dunk for Ms. Henson's violation of remaining drug and alcohol free." The State told the trial court that Henson had already served a 48-hour "dip" imposed by her community corrections officer because she was discharged from the treatment program.

Henson's community corrections officer testified that Henson was discharged from treatment on March 1, 2018, but Henson did not report to the officer "until the next Monday morning." According to a 2018 calendar, the next Monday morning would have been March 5, 2018. The officer testified that she then met with Henson on March 6, 2018, and had Henson submit to a UA at that time; the UA was positive for drug use. The officer testified that she imposed a 48-hour "dip" sanction on Henson for getting kicked out of treatment. Henson began to serve her "dip" on the evening of March 6, 2018.

Henson's attorney stated that a 120-day sanction was not appropriate because Henson's drug use was part of the same "continuous violation" as her discharge from treatment. Henson's attorney argued that "[s]he tested positive and then she did a quick dip. That quick dip should have encompassed both the discharge, as well as testing positive for drug use. There's no allegation or proof presented by the State that she had any continuing meth use between Thursday discharge and UA Monday—Tuesday morning." Henson's attorney asked the trial court to consider Henson's time served between March 7, 2018, when the State moved to revoke, and April 4, 2018, when the

3

revocation hearing was held, as the appropriate sanction and place Henson back on probation so that she could go back into inpatient treatment.

The trial court found that "[t]he dip in this case . . . was not imposed, simply for the same reasons as the discharge." The trial court imposed a 120-day "dunk" sanction. When prompted by Henson's attorney, the trial court judge explained:

"THE COURT: 120-day dunk is based upon the violation as stipulated in the motion to revoke.

"[Henson's attorney]: Which would be the second, the fail to remain alcohol and drug free? Because the first one was already a quick dip.

"THE COURT: That would be correct, yes. I'm sorry. Yeah, I understand your question now. That would be correct, yes."

Henson timely appealed.

*Did the Trial Court Properly Impose a 120-Day Prison Sanction?*

Henson argues that the trial court erred by imposing a 120-day prison sanction. When this court must determine "the propriety of the sanction imposed by the district court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion." *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A district court abuses its discretion if it bases its decision on an error of law or fact or if no reasonable person would agree with the district court's decision. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Henson, as the party alleging that the trial court abused its discretion, bears the burden to show an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

4

The issue at hand will also require this court to interpret the relevant probation sanction statutes. Interpretation of a statute is a question of law over which this court has unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 2018 Supp. 22-3716 dictates the available sanctions for a probationer who violates the terms of his or her probation. K.S.A. 2018 Supp. 22-3716(c)(1)(B) provides that a court may impose a 48- or 72-hour stint in a county jail as a sanction for a probation violation. These 48- or 72-hour stints are referred to as "quick dips."

K.S.A. 2018 Supp. 22-3716(c)(1)(C) states that if a trial court has already imposed "at least one intermediate sanction" such as a quick dip as outlined in K.S.A. 2018 Supp. 22-3716(c)(1)(B), then the trial court may impose a 120-day sanction. These 120-day sanctions are referred to as "dunks." A probationer may only receive one 120-day "dunk" during the course of his or her probation. K.S.A. 2018 Supp. 22-3716(c)(1)(C).

Henson argues in her brief that the trial court "lacked the authority to impose a second graduated sanction for a violation that preceded the imposition of the first sanction." She contends that "[i]mplicit in the graduated sanction statutory scheme is the commission of a new violation after the defendant had served the previous sanction."

In support of her argument, Henson quotes a recent decision of our Supreme Court, which stated:

> "K.S.A. 2014 Supp. 22-3716(c)(1) sets out a graduated sanctioning scheme for probationers who violate the terms of their probation . . . . If the district court chooses to sanction a probation violator with incarceration, subsections (c)(1)(B) through (E) establish the permissible progression of sanctions." *State v. Clapp*, 308 Kan. 976, Syl. ¶ 1, 425 P.3d 605 (2018).

5

Here, the community corrections officer imposed the two-day jail sanction in lieu of the court. The plan was for Henson to then go to treatment. But the State moved to revoke her probation based upon the affidavit filed by the probation officer. As a result, Henson was held in jail pending the hearing. The State then sought an additional sanction, the next sanction in the statutory scheme, even though the two violations predated the two-day sanction.

The trial court lacked the statutory authority to impose a second graduated sanction for a violation that preceded the imposition of the first sanction. Implicit in the graduated sanction statutory scheme is the commission of a new violation after the defendant had served the previous sanction. See *Clapp*, 308 Kan. at 984 (If the probation violator has already had at least one jail sanction under (c)(1)(B), the court can impose the next step.).

Although Henson has already served the 120-day sanction, she qualifies for imposition of this sanction only once. See K.S.A. 2018 Supp. 22-3716(c)(1)(C). Therefore, she asks this court to hold that the trial court erred in imposing the 120-day sanction. We agree. We reverse and remand with directions to vacate the 120-day sanction in this case.

Reversed and remanded with directions.