NOT DESIGNATED FOR PUBLICATION

No. 120,986

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC S. WHITEHEAD-KING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed June 5, 2020.
Reversed and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., WARNER, J., and WALKER, S.J.

PER CURIAM: Eric S. Whitehead-King appeals from the district court's decision to override a three-day jail sanction imposed by his community corrections officer and instead impose a 36-month extension of Whitehead-King's probation. Because we believe the district court exceeded its authority by its actions, we reverse and remand for revision of his probation orders.

FACTS

On January 9, 2014, Whitehead-King pled guilty to one count of trafficking contraband in a correctional institution. On March 5, 2014, the district court sentenced Whitehead-King to 120 months in prison but granted a dispositional departure to a 36-month probation term with community corrections.

On April 6, 2016, the district court issued a warrant alleging that Whitehead-King committed several probation violations. Specifically, the warrant alleged that Whitehead-King failed to pay court costs and restitution as directed, he tested positive for cocaine in December 2015, he failed to provide proof of employment to his intensive supervision officer (ISO) after being released from custody in June 2015, he committed a new domestic battery crime in January 2016, he failed to report to his ISO on two separate occasions, and he failed to report to submit urinalysis samples on two different occasions.

At the probation violation hearing on August 2, 2016, the State withdrew the domestic battery allegation and Whitehead-King admitted to all the remaining allegations in the warrant. The district court found that Whitehead-King violated his probation. However, the court reinstated Whitehead-King's probation, extending it an additional 36 months from the date of the hearing.

The district court issued a second warrant on November 29, 2017, alleging that Whitehead-King violated his probation once again. The warrant specifically alleged that Whitehead-King committed two new firearms offenses in June 2017. The State later withdrew the warrant on March 20, 2018.

On July 17, 2018, Whitehead-King stipulated that he violated his probation when he tested positive for cocaine earlier that month. He agreed to waive his right to a probation violation hearing and to serve a two-day jail sanction as a result of the

violation. Whitehead-King's signed waiver and consent was filed with the district court on July 20, 2018.

On September 17, 2018, Whitehead-King yet again stipulated that he violated his probation. Specifically, he admitted that he failed to maintain full-time employment as directed by the district court. He agreed to waive his right to a probation violation hearing and agreed to serve a three-day jail sanction. Notably, the signed waiver and consent, which was approved by a district judge, was not filed with the district court until October 10, 2018.

On October 2, 2018, eight days before the signed waiver and consent was filed, the district court issued another warrant alleging that Whitehead-King violated his probation. The warrant specifically alleged that Whitehead-King failed to maintain full-time employment and that he committed a new domestic battery offense in September 2018. Whitehead-King's ISO later stated that he drafted the warrant after discovering the new domestic battery offense. The ISO included in the warrant the previously stipulated violation regarding Whitehead-King's failure to maintain employment because he learned that Whitehead-King never served his three-day jail sanction. On October 6, 2018, Whitehead-King was arrested on the October 2 warrant. He was released from jail on October 19, 2018.

On March 14, 2019, the district court held a probation violation hearing on the October 2 warrant. Notably, the State withdrew the allegation about the new domestic battery charge and asked to proceed only on the failure to maintain employment allegation. Whitehead-King's counsel argued that Whitehead-King could not be sanctioned again for this allegation because he previously stipulated to it in September 2018 and served the three-day sanction. Specifically, Whitehead-King argued that he showed up to his ISO's office on October 6, 2018, believing he was voluntarily submitting himself to serve the jail sanction. However, the State argued that Whitehead-

3

King never reported to serve his three-day jail sanction. Rather, he was informed of the October 2 warrant and was arrested on the warrant when he appeared at his ISO's office on October 6.

The district court determined that Whitehead-King waived a probation violation hearing as to the failure to maintain employment allegation and that he admitted to the violation. As a result, the court found by a preponderance of the evidence that Whitehead-King violated his probation. The court imposed a two-day jail sanction but gave Whitehead-King credit for time served. The district court further revoked and reinstated his probation for an additional 36 months from the date of the hearing. Whitehead-King timely appeals the district court's decision to extend his probation.

ANALYSIS

When we must determine the propriety of the sanction imposed by the district court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A district court abuses its discretion if it bases its decision on an error of law or fact or if no reasonable person would agree with the district court's decision. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). A party alleging an abuse of discretion bears the burden of showing that the district court abused its discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

In order for us to evaluate the district court's decision to revoke probation or impose a probation violation sanction, it is necessary to interpret any relevant probation sanction statutes. Interpretation of a statute is a question of law over which this court has unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

4

Whitehead-King argues that the district court abused its discretion when it extended his probation for 36 additional months. Specifically, he asserts that on September 17, 2018, he stipulated that he violated his probation by failing to maintain employment and agreed to serve a three-day jail sanction for that violation. Whitehead-King contends that the waiver of a probation violation hearing and consent to serve a jail sanction which he signed acted as a final order that was binding on him and, thus, the district court lacked the authority to impose another sanction on him for the same probation violation to which he previously stipulated. Thus, he claims that the district court committed an error of law, exceeding its authority, by further sanctioning him for the employment violation.

The State argues that Whitehead-King never served the three-day jail sanction as directed and, thus, the violation to which he stipulated on September 17 was still outstanding as of October 2, 2018, when the warrant was issued. It further contends that when Whitehead-King was arrested on October 6, 2018, it was on the two allegations contained in the warrant, not as a result of Whitehead-King's voluntary submission. Because the only evidence before the district court was that Whitehead-King never served his three-day sanction and that he was arrested on October 6 as a result of the warrant, the State claims that the district court had the authority to extend his probation.

Thus, the State's heavy focus is on the fact that Whitehead-King never actually served the three-day sanction called for in the stipulated agreement. But we note from the stipulation document that no date certain was set for Whitehead-King to submit himself to jail. Likewise, a careful review of the ISO's testimony at the probation violation hearing held May 14, 2019, does not indicate whether he had been given a particular date or even a deadline to report to jail. Perhaps Whitehead-King and his ISO had some informal agreement as to when he would serve the three days, but there is nothing in the record to suggest this. In fact, it might have even been possible for the State to charge Whitehead-King with failing to report to jail in accordance with his stipulation as a new

probation violation. But that was not done here. And since the State later dropped the domestic battery allegation, it becomes legally irrelevant. Therefore the only remaining issue is what sanctions were legally available for Whitehead-King's failure to maintain employment.

K.S.A. 2018 Supp. 22-3716, the version of the statute in effect at the time Whitehead-King violated his probation, dictates the available sanctions for a probationer who violates the terms of his or her probation. K.S.A. 2018 Supp. 22-3716(b)(4)(B) provides that a probationer's community corrections officer (ISO) may impose a 48- or 72-hour stint in a county jail as an intermediate sanction for a probation violation. A separate section, K.S.A. 2018 Supp. 22-3716(c)(1)(B), provides that the court may also modify probation terms and impose a 48- or 72-hour stint in a county jail as a sanction for a probation violation. Implicit in K.S.A. 2018 Supp. 22-3716's graduated sanction scheme is the commission of a *new* violation after the defendant had *served* the previous sanction. See *State v. Clapp*, 308 Kan. 976, 984, 425 P.3d 605 (2018); *State v. Henson*, No. 119,257, 2019 WL 2398042, at *3 (Kan. App. 2019) (unpublished opinion) ("Implicit in the graduated sanction statutory scheme is the commission of a new violation after the defendant had served the previous sanction.").

At the probation violation hearing of March 19, 2019, the district court found that the stipulated disposition between Whitehead-King and his ISO, rather than being a completed probation violation proceeding, was legally the same as a plea recommendation between the State and a criminal defendant—a suggested disposition that the district court could accept or reject in its discretion. In Whitehead-King's case, the district court decided it would not follow the stipulation and imposed a two-day sanction with credit for time served and a 36-month extension of probation.

In challenging the district court's decision to impose a new sanction for probation violation, Whitehead-King relies heavily on our court's ruling in *Henson*. In *Henson*, just

as here, the defendant waived her right to a probation violation hearing and stipulated to violating her probation. She agreed to serve a two-day jail sanction for the violation. The same day the defendant turned herself in to serve her sanction, the State filed a motion to revoke her probation for a similar type of violation to which she had already stipulated and for which she already began serving her time. The district court ultimately found that she violated her probation as alleged in the State's motion to revoke and imposed a new 180-day intermediate sanction. On appeal, a panel of our court vacated the sanction, holding that a court may only impose graduated sanctions pursuant to K.S.A. 2018 Supp. 22-3716 once a probationer has served a previous probation violation sanction and then committed a new probation violation. 2019 WL 2398042, at *3.

The obvious difference between the facts in *Henson* and those in our case is that Henson had actually served her jail sanction when the State sought to revoke her probation, and Whitehead-King had not yet served the sanction. But we do not view that distinction as critical to the outcome here. As we have noted, no specific date or time was set out in the stipulation for Whitehead-King to begin serving the jail sanction. If he failed to report after having been given notice of a date to report to jail, or after a reasonable time elapsed, that might support a separate probation violation allegation with a potential independent sanction. But that did not happen here.

The probation violation dealt with by the ISO resulting in the September 17, 2018 waiver, stipulation, and agreed sanction and the proceedings before the district court on March 14, 2019, plainly dealt with the same alleged violation, i.e., failure to maintain gainful employment. The State suggests that the violation was a continuing one, in other words that Whitehead-King's conduct represented a historical and ongoing pattern of failing to do something positive to remedy his employment situation, as distinguished from a singular and discrete violation. But our review of the record indicates that the parties and the district court treated the stipulated violation dated September 17, 2018, and the allegations in the new warrant as essentially one and the same violation. And our

conclusion is buttressed by the way the district court handled the violation—it held that the sanction agreed upon by the ISO and Whitehead-King was merely a recommendation to the court as to the disposition of the violation.

We believe the legal flaw in the district court's determination is its treatment of the stipulation with its agreed sanction as a mere suggestion to the court. Instead, we construe a stipulation and waiver with an agreed sanction under K.S.A. 2018 Supp. 22-3716(b)(4)(B) as a binding disposition which necessarily controls the covered probation violation and precludes any judicial intervention, review, or approval. The explicit language of the statute provides that if the defendant waives the right to a hearing, the two- or three-day sanctions may be imposed by the ISO "without further order of the court." K.S.A. 2018 Supp. 22-3716(b)(4). Oversight is limited to approval by the supervising community corrections officer in the district. Basically, these limited sanctions are a self-contained administrative remedy for probation violations that function without judicial involvement. That is clearly the legislative design.

Accordingly, we hold that the district court lacked authority to supersede the stipulated disposition of Whitehead-King's probation violation for failing to maintain gainful employment in September 2018. He received a three-day jail sanction for that violation by agreement consistent with K.S.A. 2018 Supp. 22-3716(b)(4)(B), and that is all he can receive. We hold that the district court abused its discretion by imposing the 36 months' additional probation extension on Whitehead-King.

Reversed and remanded with instructions to vacate the 36-month probation extension.