NOT DESIGNATED FOR PUBLICATION

No. 123,475

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES L. WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed July 2, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: James Walker appeals the district court's revocation of his probation and imposition of his underlying sentence. This court previously granted Walker's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Finding no error, we affirm the district court's decision.

In October 2018, Walker pleaded no contest to a felony theft he committed on October 4, 2017. The district court sentenced Walker to 12 months' probation with an underlying 9-month prison sentence and ordered him to pay $1,805 in restitution.

1

In May 2019, Walker served a two-day jail sanction after he admitted to violating the conditions of his probation by possessing and using drugs without a prescription. In the year that followed, the State filed two probation-violation warrants alleging that Walker had committed new crimes—additional thefts—while on probation. Walker stipulated to the violations alleged in the warrants in August 2020. At a hearing in November 2020, the district court revoked Walker's probation and imposed his underlying nine-month prison sentence. Walker appeals this decision.

We review the district court's revocation of a person's probation for an abuse of discretion. See *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015) (court abuses its discretion when its decision is based on an error of law or fact or is otherwise arbitrary or unreasonable). When Walker committed theft in 2017, Kansas employed a graduated-sanction system for addressing probation violations. Once the State established a probation violation had occurred, a court could impose a 2- or 3-day jail sanction for an initial probation violation, a 120- or 180-day prison sanction for a second violation, and revoke probation for a third violation. K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(E). But relevant to Walker's case, a court could bypass these graduated sanctions and revoke a person's probation if he or she committed a new crime. K.S.A. 2017 Supp. 22-3716(c)(8)(A).

On appeal, Walker concedes that the district court had statutory authority to revoke his probation since he committed new crimes. But he argues that the court abused its discretion because the facts warranted reinstating his probation. Having reviewed the record, we find nothing unreasonable about the district court's decision to revoke Walker's probation and impose his underlying sentence. Walker committed additional thefts while on probation for his original theft conviction. The district court did not err when it revoked Walker's probation and imposed his nine-month prison sentence.

Affirmed.