NOT DESIGNATED FOR PUBLICATION

No. 123,339

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCO ANTONIO LOPEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICKLIN PIERCE, judge. Opinion filed November 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Marco Antonio Lopez appeals the Finney County District Court's decision to revoke his probation and impose a modified 60-month prison sentence. We granted Lopez' motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. Finding no error by the district court, we affirm.

In late 2017, the State charged Lopez with 14 separate crimes arising from events between August and November of that year. Lopez entered into an agreement with the State requiring him to plead no contest to one count of distribution of a controlled substance in violation of K.S.A. 2017 Supp. 21-5705(a)(1) and one count of forgery in

1

violation of K.S.A. 2017 Supp. 21-5823(a)(2). In return, the State agreed to dismiss the remaining charges and to recommend probation at sentencing. Consistent with the agreement, in March 2018, Lopez entered no-contest pleas to the two charges.

Lopez moved for dispositional departure to probation. And at the sentencing hearing in April 2018, the district court granted the motion and placed Lopez on probation for 36 months. The district court also imposed an underlying prison term of 100 months for Lopez' distribution conviction with a postrelease supervision term of 36 months. The district court ordered a prison term of 8 months with a postrelease supervision term of 12 months for Lopez' forgery conviction and ordered the sentences to be served concurrently.

In November 2018, the State moved to revoke Lopez' probation. Lopez admitted to the violations at the revocation hearing, and the district court agreed to follow the State's recommendation for a 3-day sanction and a 36-month extension of probation.

The State moved to revoke Lopez' probation again in June 2019 because Lopez failed to attend scheduled meetings and to receive drug and alcohol treatment. The district court held two separate hearings—an adjudication hearing on October 7, 2019, and a final disposition hearing on August 26, 2020. At the hearing on October 7, the State informed the district court that Lopez had received additional convictions for felony interference with a law enforcement officer and for violation of a protective order in a separate criminal case while on probation. Lopez waived a hearing and admitted to the allegations.

At the disposition hearing, Lopez informed the district court he had completed a drug and alcohol evaluation, which his counsel admitted into evidence. The district court found Lopez committed new crimes while on probation and had made minimal efforts to obtain inpatient treatment over the time he had been on probation. The court then revoked

2

Lopez' probation and imposed a modified 60-month prison term with a postrelease supervision for 36 months. In doing so, the district court found that Lopez had been granted a dispositional departure to probation and had violated the terms of his probation. The district court's journal entry of judgment reflected Lopez' probation had been revoked based on new convictions. Lopez has appealed.

Lopez argues the district court abused its discretion when it chose to revoke his probation instead of imposing a lesser sanction. See *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015) (appellate review of probation revocation for abuse of discretion). A district court abuses its discretion when the decision is unreasonable or is based on either a misunderstanding of the governing of law or an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Lopez has the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under K.S.A. 2017 Supp. 22-3716(c), the district court must follow a graduated sanction scheme after determining a defendant has violated probation. In this case, two exceptions under K.S.A. 2017 Supp. 22-3716 applied permitting the district court to bypass intermediate sanctions and immediately revoke Lopez' probation. Under K.S.A. 2017 Supp. 22-3716(c)(8)(A), the district court was allowed to skip intermediate sanctions because Lopez committed a new felony or misdemeanor while on probation for a felony offense. Here, Lopez admitted he received new convictions while he was on probation. Additionally, the district court had authority to revoke Lopez' probation under K.S.A. 2017 Supp. 22-3716(c)(9)(B). This is because Lopez' original offenses occurred after July 1, 2017, and he was granted a departure to probation. See *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020) (holding the exception allowing revocation of probation without first imposing graduated sanctions as a result of a dispositional departure applies only to offenses occurring on or after July 1, 2017). For those reasons, the district court was not required to impose an intermediate sanction before revoking Lopez' probation and ordering him to serve his original sentences.

3

Lopez acknowledges the statute permitted the district court to revoke his probation based on his new convictions and because he received a dispositional departure to probation. He, nonetheless, asserts the district court erred. At the August 2020 hearing, the district court noted Lopez' new convictions and that Lopez was unsuccessful on probation. And although Lopez asked for another chance on probation to receive inpatient treatment, the district court noted he had the opportunity to seek treatment but did not do so. Lopez has failed to show that the district court's decision to impose a modified prison term was unreasonable or based on a mistake of law or factual error. Accordingly, there was no abuse of judicial discretion.

Affirmed.